T.C. Memo. 2002-30

UNITED STATES TAX COURT

DREW ALLEN RAYNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5749-00.          Filed January 28, 2002.

Drew Allen Rayner, pro se.

<u>Linda J. Wise</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner has an income tax deficiency of $92,384 for 1998 and is liable for an addition to tax under section 6654 of $3,941.12 for failure to pay estimated tax.  The matter is before the Court on respondent's motion for summary judgment and motion for a penalty under section 6673.

## Background

### A. Petitioner

Petitioner was retired and lived in Mississippi when he filed the petition.

In 1998, petitioner received $217,331.44 in retirement distributions and $920.09 in nonemployee compensation. In 1998, Primerica Life Insurance Co. issued to petitioner three Forms 1099-MISC, Miscellaneous Income, which state that he received $920.09 of taxable nonemployee compensation. Petitioner also received five Forms 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., which state that he received in 1998 retirement account distributions totaling $217,331.44, of which $214,756.96 is taxable.

### B. Petitioner's 1998 Income Tax Return

Petitioner submitted a Form 1040, Individual Income Tax Return, for 1998 on which he reported zero income, $5,629 in income tax withholding, and an overpayment for which he sought a $5,629 refund. He attached to his Form 1040 a signed statement consisting of two typewritten pages in which he made various arguments denying his duty to file a return and defending his return.

C.   Respondent's Determination

Respondent determined that petitioner received taxable income of $920 in nonemployee compensation and $214,756 in retirement distributions in 1998, and that petitioner was liable for income tax of $70,778 for that year.   Respondent also determined that petitioner was liable for self-employment tax of $130 for nonemployee compensation, the 10-percent additional tax of $21,476 under section 72(t)(1) on distributions from retirement accounts, for a total deficiency of $92,384 ($70,778 + $130 + $21,476), and an addition to tax of $3,941.12 under section 6654 for failure to pay estimated tax.

D.   The Petition

In his petition, petitioner disputes that he has a deficiency or is liable for any addition to tax for 1998.   The following is the only fact petitioner alleged in the petition:

> That the amount of the alleged taxable income, penalties and interest thereon are erroneous. Petitioner asserts that the IRS [sic] distribution is not a taxable event.

E.   Petitioner's Pretrial Memo and Our April 2, 2001, Order

Our standing pretrial order served on petitioner on October 27, 2000, requires the parties to exchange documents to be used at trial at least 15 days before trial.   Materials not provided in compliance with our standing pretrial order may be excluded from evidence.   Rule 131(b); Moretti v. Commissioner, 77 F.3d 637, 644 (2d Cir. 1996).

In his trial memorandum, petitioner alleged: (1) Income from sources not listed in section 861 is exempt from taxation; (2) income earned by U.S. citizens in the United States is not listed, and thus is exempt; and (3) petitioner is a U.S. citizen and has income only from domestic sources. On April 2, 2001, we ordered petitioner to give to respondent within 30 days all evidence on which he relies to show that respondent's determination is incorrect, including a copy of documents which petitioner contends supports his position, and a detailed statement from petitioner that explains each of petitioner's claims. Despite our issuance of that order, petitioner has not given respondent any evidence relating to respondent's determination. He provided only a document in which he repeated the arguments described above that he made in his pretrial memorandum.

## Discussion

A.   Respondent's Motion for Summary Judgment

Respondent filed a motion under Rule 121(b) seeking summary judgment upholding the determination in the notice of deficiency. We may grant summary judgment if there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears

the burden of proving that there is no genuine issue of material fact.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Petitioner contends that summary judgment is not proper, that respondent is incorrect as a matter of law, and that trial on the merits is required.  Petitioner contends that respondent does not dispute many tax returns that are similar to petitioner's return.  Petitioner points out that section 1.61-1(a), Income Tax Regs., states that gross income includes all income from whatever source derived unless excluded by law and contends that respondent erred in not citing it.  Petitioner contends that he can prove through cross-examination of Government witnesses that the deficiency is incorrect because U.S.-source income is exempt from income tax.  Petitioner contends that postings on the Internet show that respondent accepts returns similar to petitioner's return.  We disagree.

Petitioner's contention that his income is not taxable is incorrect as a matter of law.  Petitioner's Form 1040 for 1998 and the Forms 1099-MISC and Forms 1099-R attached to the Form 1040 show that petitioner is liable for additional tax under section 72(t)(1) of $18,480[1] and the addition to tax under

---

[1]  The Forms 1099-R attached to petitioner's Form 1040 for 1998 show early IRA distributions of $184,802.32 (not $214,756.96, as determined by respondent) for which no exceptions to the 10-percent penalty imposed by sec. 72(t)(1) apply.  Thus,

section 6654 of $3,546.47.[2]  See sec. 7491(c).  The Forms 1099-

MISC show that petitioner received $920 of taxable income in

1998.  The Forms 1099-R show that petitioner received taxable

distributions of $214,756.96.  One Form 1099-R shows that he

received an early distribution of $184,802 from an IRA account

for which no exceptions to the 10-percent penalty imposed by

section 72(t)(1) apply.  Petitioner's Form 1040 for 1998 and the

Forms 1099 show that he only paid $5,629 (withheld) in tax for

1998; thus, he paid no estimated tax.  Petitioner did not provide

respondent with any evidence showing that respondent's

determination of his tax liability is incorrect, or give any

reason for not doing so; thus, there is no genuine issue for

trial within the meaning of Rule 121(d).  We conclude that

respondent is entitled to summary judgment and that petitioner is

liable for a total deficiency of $89,388 ($70,778 + $130 +

$18,480) and an addition to tax of $3,546.47 under section 6654.

B.    Respondent's Motion for Imposition of a Penalty Under
      Section 6673

The Court may require the taxpayer to pay a penalty to the

United States of not more than $25,000 if the taxpayer instituted

or maintained proceedings primarily for delay, if the taxpayer's

---

the additional tax under sec. 72(t)(1) is $18,480, not $21,476.

  [2]  This amount is less than the amount respondent determined
because the sec. 72(t)(1) penalty is less than respondent
determined, thereby reducing the total tax due on which the sec.
6654 addition to tax is calculated.

position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies.  Sec. 6673.  A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner contends that his argument is not frivolous and that he is not using this case for delay.  We disagree.  Respondent told petitioner by letter dated June 3, 1999, that his return included frivolous arguments that had no basis in law.  Petitioner responded by letter dated July 2, 1999, in which he repeated his legal position.  In letters dated January 17 and 29, 2001, respondent asked petitioner for his legal and factual basis for excluding amounts reported on the Forms 1099 attached to petitioner's 1998 income tax return.  Petitioner responded with a document in which he contends that only income from international or foreign commerce is taxable.  Respondent gave copies of 18 cases to petitioner in which courts had rejected his argument and warned him of the potential for liability under section 6673.  Despite this, petitioner persisted in maintaining frivolous positions in his pretrial memorandum and other documents filed with the Court.

Petitioner took frivolous positions in a prior case.  See Rayner v. United States, 2001-1 USTC par. 50,342, 87 AFTR 2d 2001-1649 (5th Cir. 2001).  In that case, the U.S. Court of Appeals for the Fifth Circuit affirmed dismissal of petitioner's

claims against the United States, the Internal Revenue Service (IRS), and various IRS officials "Because Rayner's requests are patently frivolous". The Court of Appeals for the Fifth Circuit warned:

> Rayner's appeal surpasses mere frivolity and registers an extraordinary score on the appellate scale of vexation. Mr. Rayner is given notice that future frivolous appeals will be subject to the full panoply of sanctions authorized by Federal Rules of Appellate Procedure 38. We encourage the government to consider moving for such sanctions if faced with frivolous actions like this one in the future. [Id.]

We conclude that petitioner is liable for a penalty of $5,000 under section 6673.

Accordingly,

An order will be entered granting respondent's motions for summary judgment and for a penalty, and decision will be entered for respondent in amounts consistent with the foregoing.