United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 02-60565
Summary Calendar

---

DREW ALLEN RAYNER,

Petitioner - Appellant,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

---

Appeal from the Decision of
the United States Tax Court

---

(5749-00)

---

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Drew Allen Rayner <u>pro se</u> appeals the United States Tax Court's grant of summary judgment for the Commissioner of Revenue and accompanying order that he pay an income tax deficiency of $89,388 for tax year 1998; an additional tax of $3546 pursuant to 26 U.S.C.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

§ 6654 for failure to pay estimated tax; and a penalty of $5000 pursuant to 26 U.S.C. § 6673(a)(1) for filing a frivolous petition. We AFFIRM. The Commissioner moves for additional sanctions of $4000 pursuant to 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure for filing a frivolous appeal. Rayner moves for leave to file an out-of-time response to the Commissioner's motion. We GRANT both Rayner's and the Commissioner's motions.

Rayner insists that he owed no tax in 1998 because all his income that year—namely, $217,331 in distributions from various retirement funds and $920 in nonemployee compensation—derived from sources within the United States and therefore (so he says) is not taxable income under 26 U.S.C. § 861 and the regulations construing that statute. This absurd argument is patently frivolous.

Congress imposed an income tax on the income of every individual who is a citizen or resident of the United States.[1] Taxable income is gross income less allowable deductions.[2] Gross income is "all income from whatever source derived."[3] Gross income includes all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion."[4] "Congress supplied

---

[1] 26 U.S.C. § 1.

[2] Id. § 63(a).

[3] Id. § 61(a).

[4] Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).

2

no limitations as to the source of taxable receipts."[5]  Section 61(a) specifically provides that gross income includes interest, dividends, annuities, income from life insurance, and pensions.[6] "In general, all citizens of the United States . . . are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States."[7]  There is, in short, no authority for the proposition that sources of gross income for the purposes of § 61 are limited to those sources listed in § 861 or the regulations construing that statute, which in any event chiefly concerns non-resident aliens required to pay U.S. income tax.[8]

Because Rayner's § 861 argument lacks any reasonable basis, summary judgment was appropriate as a matter of law.[9]  Because

---

[5] Id. at 429.

[6] 26 U.S.C. § 61(a)(4), (7), (9)-(11).

[7] Treas. Reg. § 1.1-1(b) (2003).

[8] See Great-West Life Assurance Co. v. United States, 678 F.2d 180, 183 (Ct. Cl. 1982) ("The determination of where income is derived or sourced is generally of no moment to . . . United States citizens . . . .").

[9] Similarly, because of the unreasonableness of his position, we reject Rayner's argument that the tax court erroneously placed the burden of proof on him.  See 26 U.S.C. § 6201(d) (burden of proof concerning deficiency shifts to Commissioner only if taxpayer asserts a reasonable dispute and fully cooperates).  In addition, Rayner's arguments related to his claim that he was denied "administrative due process" prior to the tax court proceeding do not merit serious consideration.  Rayner had ample opportunity to be heard before the tax court made its de novo determination of the amount of his deficiency.  See generally Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984)) (holding that courts are "not

3

Rayner challenges only the tax court's legal analysis and admits he received the reported distributions, we adopt the tax court's calculation that Rayner is liable for a total deficiency of $89,388 and an additional tax of $3,546.47 under § 6654. Furthermore, because Rayner's petition altogether lacked merit and because Rayner rejected numerous opportunities to correct his return, the tax court did not abuse its discretion in ordering him to pay $5000 pursuant to § 6673(a)(1) for filing a frivolous petition.

We note with consternation that this is not Rayner's first attempt to avoid his basic civic obligation of paying income tax. He paid none for tax year 1997, arguing that his income was not taxable because it was not derived from corporate activity. In affirming the tax court's subsequent deficiency order, we sharply rejected his argument and warned him against filing future frivolous actions:

> Rayner's appeal surpasses mere frivolity and registers an extraordinary score on the appellate scale of vexation. Mr. Rayner is given notice that future frivolous appeals will be subject to the full panoply of sanctions authorized by Federal Rule of Appellate Procedure 38. We encourage the government to consider moving for such sanctions if faced with frivolous actions like this one in the future.[10]

obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority" through "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish").

[10] <u>Rayner v. United States</u>, No. 00-60625 (5th Cir. Mar. 29, 2001).

Rayner has spurned our warning.  Accordingly, the Commissioner's motion for sanctions in the amount of $4000 is well taken.

The judgment of the tax court is AFFIRMED; the motions of the parties are GRANTED.


AFFIRMED.

5