T.C. Summary Opinion 2004-108

UNITED STATES TAX COURT

HUGH POWELL ARVIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6892-03S.                    Filed August 5, 2004.

Hugh Powell Arvin, pro se.

<u>D. Sean McMahon</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years at issue.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

In four separate notices of deficiency, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1997 | $3,839 | $488.25 | -- |
| 1998 | 4,674 | 569.50 | -- |
| 1999 | 3,971 | 974.25 | $188.20 |
| 2000 | 5,319 | 1,329.75 | 284.10 |

The issues for decision are: (1) Whether petitioner had unreported income in the amounts respondent determined, (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely Federal income tax returns for taxable years 1997 through 2000, and (3) whether petitioner is liable for additions to tax under section 6654(a) for failure to pay estimated income taxes.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Hopkinton, Massachusetts, at the time the petition was filed.

Respondent obtained copies of Forms W-2, Wage and Tax Statement, issued by Non Stop Sales & Service, Inc., which show that petitioner was paid $9,720, $9,940, $3,375, and $2,025 for tax years 1997, 1998, 1999, and 2000, respectively. Petitioner stipulated that he received $19,671 and $16,130 from Electronic

Designs, Inc., during tax years 1997 and 1998. Additionally, respondent obtained copies of Forms W-2 issued by the International, Inc., which show that petitioner was paid $5,478, $18,965, and $23,812 for tax years 1998, 1999, and 2000, respectively. According to Forms 1099-G, Statement for Recipients of Certain Government Payments, petitioner also received unemployment compensation from the Commonwealth of Massachusetts during the 1998, 1999, and 2000 tax years of $1,212, $3,257, and $521, respectively.

On or about August 1, 1998, petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for 1997. Petitioner did not attach any Forms W-2 to the Form 1040. Petitioner entered zeros on all lines of the income portion of his Form 1040, specifically including those lines that report wages, dividends, total income, and adjusted gross income. He also indicated that his taxable income and tax were zero. Petitioner claimed a refund of $1,886, the full amount of Federal income tax that had been withheld from his wages by his employers.[1]

Petitioner submitted to respondent a Form 1040 for 1998. Petitioner did not attach to the return Forms W-2 or 1099-G. Petitioner entered zeros on all lines of the income portion of

---

[1]The actual amount withheld by petitioner's employers was $1,886.52.

the Form 1040, including those lines that report wages, dividends, total income, and adjusted gross income. He also indicated his taxable income and tax to be zero. Petitioner claimed a refund of $2,397.09, which was the amount of Federal income tax that had been withheld from his wages by his employers.

Petitioner attached to his Form 1040 for each of the 1997 and 1998 years a two-page typewritten statement that lists numerous reasons why he believes that he is not required to pay income tax.

Petitioner submitted to respondent a five-page typewritten document which purports to be a legal notice that he is a nontaxpayer (legal notice) for 1999 and 2000. The legal notice contained numerous statements that show petitioner's continuing belief that he is not required to file a return or pay income tax.

Petitioner does not dispute receiving the amounts of income respondent determined in the notices of deficiency. Petitioner filed a petition with this Court alleging that respondent erred in determining his deficiencies and his taxable income and demanding the case be transferred to respondent's Appeals Office.

Respondent sent a letter to petitioner scheduling an Appeals Office conference. Petitioner did not appear at the conference and failed to contact the officer before the date of the conference.

## Discussion

Section 7491(a)(1)[2] provides that the burden of proof may, under certain conditions, shift to the Commissioner. Because petitioner failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent.

Petitioner's objections to respondent's adjustments are those typical of so-called tax protesters. In his trial memorandum, petitioner relies on Brushaber v. Union Pac. R.R., 240 U.S. 1, 19 (1916), to support his propositions that the Sixteenth Amendment did not give the Federal Government any new taxing powers and that income tax is actually an excise tax, which can only be assessed against those who are licensed or incorporated. However, petitioner's argument is baseless.

> In Brushaber, the Court found the 1913 income tax law to be constitutional. The Court also noted that in Pollock v. Farmers' Loan and Trust Co., 158 U.S. 601 (1895) it had previously found the taxing of income from professions, trades, employments or vocations to be constitutional in the form of an excise tax. In light of the [S]ixteenth [A]mendment, however, all

---

[2]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by sec. 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 726.

taxation of income, "from whatever source derived," was found to be constitutional in <u>Brushaber</u>.  [<u>Martin v. Commissioner</u>, 756 F.2d 38, 40 (6th Cir. 1985), affg. T.C. Memo. 1983-473.]

On the basis of well-established law, the Court finds that petitioner's position is frivolous and groundless.  The Court sees no need to further address petitioner's arguments.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

<u>Additions to Tax Under Sections 6651(a)(1) and 6654</u>

Respondent determined additions to tax under section 6651(a)(1) for petitioner's failure to timely file Federal income tax returns for 1997, 1998, 1999, and 2000.  The addition to tax for failure to file a return timely will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1).

Although petitioner submitted Forms 1040 for tax years 1997 and 1998, respondent does not recognize them as returns because petitioner stated that he had zero gross income, owed zero tax, and requested refunds of the amounts withheld.  This Court has previously held that "zero returns" are not recognized as returns that fulfill a taxpayer's obligation to file.  <u>Hill v. Commissioner</u>, T.C. Memo. 2003-144; <u>Rayner v. Commissioner</u>, T.C. Memo. 2002-30, affd. 70 Fed. Appx. 739 (5th Cir. 2003); see also Rev. Rul. 2004-34, 2004-12 I.R.B. 619.

The documents petitioner submitted for tax years 1999 and 2000 are not recognized by respondent as returns because they do not constitute Forms 1040 and they fail to provide any information required by Form 1040, specifically the amount of petitioner's income for each year.

None of the documents submitted by petitioner constitute returns. Therefore, petitioner has yet to file any returns. Petitioner has not offered any evidence that his failure to file is due to reasonable cause and not to willful neglect. Respondent's determinations that petitioner is liable for the additions to tax under section 6651(a)(1) are sustained.

Respondent also determined an addition to tax under section 6654 for petitioner's underpayment of estimated tax for 1999 and 2000. This addition to tax is mandatory and automatic, subject to certain exceptions provided by section 6654(e). Grosshandler v. Commissioner, 75 T.C. 1 (1980). Petitioner failed to offer any evidence that he fits within any of the listed exceptions. Respondent's determinations that petitioner is liable for section 6654 additions to tax are sustained.

Petitioner did not introduce any evidence to show that he is not liable for the income tax deficiencies and additions to tax under sections 6651(a)(1) and 6654; accordingly, respondent's determinations for all 4 years are sustained.

We note that section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that the proceeding has been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless.  In this case, we conclude that the position advanced by petitioner is frivolous and groundless.  Nevertheless, respondent has not asked for penalties under section 6673 to be imposed, and we choose not to do so at this time.  We caution petitioner that such penalties under section 6673 may be imposed if he continues to advance the same frivolous and groundless arguments in the future.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the forgoing,

Decision will be entered for respondent.