United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-60256
Summary Calendar

SCOTT WALLIS,

                                                                Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE SERVICE,

                                                                Respondent-Appellee.

Appeal from a Decision of the United States Tax Court
(8244-04)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

    The issue before this court is whether the tax court abused its discretion by dismissing Scott

Wallis' claims for failure to prosecute. For the following reasons, we affirm and grant the

government's motion for sanctions under 26 U.S.C. § 7482 (c)(4) (2006).

                    FACTUAL AND PROCEDURAL BACKGROUND

    In February 2004, the Commissioner of the United States Internal Revenue Service ("IRS")

mailed a notice to Scott Wallis stating that records indicated Wallis had failed to pay income tax for

_____

    * Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

the years 2000 and 2001. The IRS sent Wallis several notices regarding his tax debt ("deficiencies") and penalties ("additions") levied on those deficiencies under 26 U.S.C.A. § 6651 (2006). The deficiencies are estimated at $3,503 for 2000 and $7,628 for 2001 as well as additions of $875.75 for 2000 and $187.11 for 2001. Wallis challenged the deficiencies and additions in tax court, requesting recalculation while continuing to file numerous requests with the court, including documents arguing that the "United States" and the "United States of America" are two distinct corporate entities, that the presiding judge was a "criminal," and that the IRS was guilty of "extortion." Following the filing of a statement of facts where among other things Wallis argued that he was not in a "fiduciary relationship" with the United States and that the "unknown beneficiary" had failed to prove the "existence of a trust," he served a request for admissions directly upon the IRS, failing to file it with the tax court. The tax court ordered Wallis to file the request with the court. Wallis refused to file the request, instead accusing the tax court of "committing criminal acts." Wallis requested judgment on the pleadings, which the judge denied. In response, Wallis filed a document with the court accusing the judge of being "corrupt" and alleging a denial of due process and damages of $1 million. Wallis was then served a pre-trial notice stating, "Your failure to appear may result in dismissal of the case and entry of decision against you." Subsequently, the IRS filed a motion to dismiss along with documents regarding the alleged deficiencies. Wallis failed to respond to this motion even after the tax court ordered him to do so. Nevertheless, the tax court denied the motion to dismiss and scheduled a trial, which Wallis failed to attend. Wallis also failed to offer explanation of his absence.

The IRS filed a motion to dismiss for failure to prosecute and a motion to impose sanctions on Wallis. Wallis failed to respond to the IRS's motions, and the tax court eventually granted the

2

motion to dismiss. Wallis appeals to this court.

## DISCUSSION

Wallis appeals the tax court's dismissal of his claims for failure to prosecute. A tax court decision to dismiss for failure to prosecute is reviewed for abuse of discretion by this court. *Tello v. Commissioner*, 410 F.3d 743, 744 (5th Cir. 2005).

The tax court was well within its discretion by dismissing Wallis's claims for failure to prosecute. Under tax court rules, a court may dismiss a case anytime for "failure of a petitioner to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems specific." Tax Ct. R. 123(b). The rules also provide for dismissal where there is a failure to attend trial. Tax Ct. R. 149(a).

This court will generally affirm a dismissal if it finds at least one of three aggravating factors: (1) delay caused by the plaintiff, (2) actual prejudice to the defendant or (3) delay caused by intentional conduct. *Tello*, 410 F.3d at 744. Two of out three of these factors are clearly present here. Wallis twice refused to respond to the IRS's motions to dismiss, forcing the court to delay the entire proceeding while attempting unsuccessfully to prompt Wallis to respond.

The IRS satisfied its burden by submitting a "certified master transcript" of the alleged tax deficiencies to the tax court along with its motion to dismiss. In the absence of contravening evidence, a computer transcript is sufficient evidence of alleged of deficiencies. *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002).

In this appeal, Wallis continues to allege among other things that he is not a "fiduciary" and that the "United States" is a corporate entity. Section § 7482 (c)(4) of the Internal Revenue Code and Rule 38 of the Federal Rules of Appellate Procedure allow for the levying of sanctions for

3

maintaining a frivolous appeal. Wallis maintains the appeal despite acknowledging in his brief that this court has sanctioned others for making similar "fiduciary" arguments. *See*, *e.g.*, *Tello*, 410 F.3d 743; *Stearman v. Comm'n*, 436 F.3d 533 (5th Cir. 2006).

"The doors of this courthouse are of course open to good faith appeals . . . But we can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments, without hope of success on the merits, in order to delay or harass the collection of public revenues or for other nonworthy purposes." *Id.* at 540.

In frivolous appeals, the government imposes a flat damages fee or a flat fee plus double cost in order to save the time and expense of calculating the wasted time and resources expended on a frivolous appeal. *Id.* The tax division of the Department of Justice estimates its costs at $11,042. The government requests that this court award an $8,000 flat fee pursuant to Fed. R. App. 38.

## CONCLUSION

We AFFIRM the district court's dismissal for failure to prosecute and GRANT the motion for sanctions in the amount of $8,000.

AFFIRMED.

4