IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2008

Charles R. Fulbruge III
Clerk

No. 08-50356
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LES ROY REID

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-cv-00118

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges..

PER CURIAM:[*]

This is an appeal from a district court's grant of summary judgment in favor of the government for unpaid federal income taxes and the order of sale that was based on the summary judgment. We affirm.

It is undisputed that Defendant-Appellant failed to file income tax returns for the years 1996, 1997, and 1999. The IRS assessed tax liabilities, interest,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fees and collections costs. Although Defendant-Appellant received notice of the assessments and demand for payment, he failed to make any payment.

On November 29, 2006, the government filed suit to reduce the unpaid assessments to judgment and to foreclose the tax liens against Defendant-Appellant's real property. Defendant-Appellant filed a petition to dismiss, asserting, among other things, that although he was an "inhabitant on the land on Texas," he was not a citizen of the United States and that the district court had neither "venue nor jurisdiction over the assessed taxes." Defendant-Appellant filed an answer admitting that he owned the real property. Defendant-Appellant presented no evidence to show that the assessments or liens were invalid. The government filed a motion for summary judgment, which the district court granted, ordering judgment in the amount of $125,811.27, plus interest and additions provided by law until the judgment was paid.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. E.g., Hirras v. Nat'l R.R. Passenger Corp., 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

Defendant-Appellant appeals and asks this Court to "declare the lower court's proceedings and orders void ab initio with prejudice." We need not tarry long with this argument. Defendant-Appellant's brief "is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984). Defendant-Appellant did not present any relevant evidence disputing the validity of the assessments or the federal tax lien. Nor has the Defendant-Appellant raised any nonfrivolous arguments disputing the validity of the tax assessments and the lien. "The Commissioner's assessment is accorded a presumption of correctness, thus

placing the burden on the taxpayer 'to prove by a preponderance of the evidence that the Commissioner's determination was erroneous.'"  Carson v. United States, 560 F.2d 693, 696 (5th Cir. 1977).  Defendant-Appellant has failed to raise a genuine issue of material fact.  We thus affirm the district court's grant of summary judgment in favor of the government.

Finally, the government has filed a motion for $8,000 in sanctions pursuant to Fed. R. App. P. 38.  Finding the appeal frivolous, we grant the motion.  See Wallis v. Commissioner of I.R.S., 203 Fed.Appx. 591 (5th Cir. Oct. 24, 2006) (No. 06-60256) (granting the motion for sanctions based on filing a frivolous appeal).

For the above reasons, we AFFIRM the district court's grant of summary judgment and GRANT the motion for sanctions in the amount of $8,000.

AFFIRMED.