# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2008

Charles R. Fulbruge III
Clerk

No. 08-10238
Summary Calendar

GARY D BROWN

Plaintiff - Appellant

V.

UNITED STATES OF AMERICA; TERESA HARLEY, Individually and in her capacity as Operations Manager, Collection, for the Internal Revenue Service; CATHY BENSON, Individually and in her capacity as Settlement Officer for the Internal Revenue Service

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-67

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Internal Revenue Service determined that Gary D. Brown owed income taxes for the years 2000 and 2002. The IRS assessed the taxes due, and it prepared to collect those taxes by sending Brown a notice of federal tax-lien filing and a final notice of tax levy. Brown challenged the IRS's actions by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

initiating a civil action in the U.S. District Court for the Northern District of Texas. The district court dismissed the action for lack of subject-matter jurisdiction. See Brown v. United States, No. 4:06-CV-691-Y, slip op. at 2 (N.D. Tex. Dec. 27, 2006). Brown did not appeal. Instead, Brown filed a second action in the same district court challenging the same IRS actions. The district court dismissed Brown's complaint, and Brown now appeals. The government argues that Brown's appeal is frivolous, and it seeks to sanction Brown $8,000 for persisting in the appeal.

We have carefully reviewed the record on appeal, as well as the record from Brown's prior proceeding in civil action 4:06-CV-691-Y. Our review satisfies us that Brown's arguments on appeal are not only wholly without merit but are so baseless in law as to be frivolous. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); 26 U.S.C. § 6330(d)(1); id. §§ 6213(a), 7442. This conclusion does not change in the light of the authorities upon which Brown relies. See Beall v. United States, 336 F.3d 419, 422 (5th Cir. 2003), abrogated on other grounds by Hinck v. United States, 127 S.Ct. 2011, 2016 (2007); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994). Although Brown also raises several new arguments on appeal, "[i]t is well settled that we do not consider issues raised for the first time on appeal." Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 n.2 (5th Cir. 2007) (per curiam) (quoting Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 344 n.3 (5th Cir. 2007)). This is so irrespective of whether the litigant proceeds pro se. See, e.g., id.

With respect to the motion for sanctions, the government requests a lump-sum sanction of $8,000 in lieu of calculating the costs and attorney's fees it incurred in responding to Brown's appeal. We agree this appeal is frivolous and thus grant the motion for sanctions even though Brown proceeds pro se. See FED. R. APP. P. 38; Stearman v. Comm'r, 436 F.3d 533, 538 (5th Cir. 2006);

Wallis v. Commissioner of I.R.S., 203 Fed.Appx. 591 (5th Cir. Oct. 24, 2006); Clark v. Green, 814 F.2d 221, 223 (5th Cir. 1987).

We DISMISS this appeal and GRANT the motion for sanctions in the amount of $8,000 for persisting in this frivolous appeal. All costs of these proceedings are to be assessed against Brown.