# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 15, 2010

No. 10-60200
Summary Calendar

Lyle W. Cayce
Clerk

GARY L. THOMASON,

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

Appeal from the Decision
of the United States Tax Court
TC No. 21182-08

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gary Thomason appeals *pro se* the tax court's order sustaining an IRS tax determination that he owed $2,313.13 in taxes and penalties, and imposing a $2,000 sanction on Thomason under 26 U.S.C. § 6673. We affirm the tax court's order.

In 2001, Thomason received $21,084 in wages and other taxable income from sources within the United States. But Thomason filed a 2001 federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60200

income tax return reporting zero income and requesting a refund of $2,616 for income, Social Security, and Medicare taxes that had been withheld from his wages. The Internal Revenue Service (IRS) refused to accept Thomason's return on the grounds that the return was frivolous and required that a proper return be filed. Thomason resubmitted the same tax return. The IRS then prepared a substitute tax return for Thomason pursuant to 26 U.S.C. § 6020(b) and calculated that Thomason owed the federal government $1,926 in taxes and $387.13 in tax penalties. Thomason appealed the tax deficiency to the tax court, which denied his appeal and imposed a $2,000 sanction on Thomason under 26 U.S.C. § 6673.

Thomason raises numerous arguments before this court as to why the tax court's order was incorrect. All of Thomason's arguments as to his tax deficiency raise questions of law, which we review *de novo*. *Whitehouse Hotel Ltd. v. Comm'r*, 615 F.3d 321, 333 (5th Cir. 2010). He first argues that the § 6020(b) substitute tax return that the IRS prepared for him was invalid because it did not have a § 6020(b) certification, as required by IRS regulations. He also argues that the IRS tax penalties were invalid because they were based on an invalid § 6020(b) substitute tax return. But the record shows that the IRS did submit a § 6020(b) certification, prepared by a tax technician. Thomason argues that the tax technician did not have the authority to prepare the IRS certification, but IRS internal regulations specifically allow tax auditors, including tax technicians, to prepare the certification. *See* IRM 1.2.44.5(3); IRM 4.9.2.3(1). The § 6020(b) substitute tax return and corresponding penalties were valid.

Thomason next asserts that United States resident citizens are exempt from paying income tax on income sourced in the United States. Thomason's argument, a variant of the "U.S. Sources argument" or "861 argument," has been universally discredited. *United States v. Bell*, 414 F.3d 474, 475-76 (3d Cir.

2

2005) (per curiam); *see also United States v. Clayton*, 506 F.3d 405, 412 (5th Cir. 2007). "In general, all citizens of the United States . . . are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States." *Rayner v. Comm'r*, 70 F. App'x 739, 740 (5th Cir. 2003) (unpublished) (quoting Treas. Reg. § 1.1-1(b) (2003)) (internal quotation marks omitted).

Thomason also raises several other arguments as to why he did not have to file an income tax return or pay income taxes. He argues that, as a United States citizen residing in the United States, he is exempt from paying income taxes under Treas. Reg. § 1.6049-4(c)(1)(ii). But United States citizens are not on the list of tax-exempt entities set forth in § 1.6049-4(c)(1)(ii). Thomason avers that his bank erroneously withheld $9 in interest, but 26 U.S.C. § 61(a)(4) makes interest, in any amount, part of a recipient's gross income. He argues that United States citizens residing in the United States do not have to pay income tax because resident citizens are not on a list of taxpayers eligible for an extension under Treas. Reg. § 1.6081-5(a). This argument is illogical: The fact that resident citizens are not eligible for an extension has no bearing on their tax liability.

Thomason finally argues that the tax court abused its discretion in imposing a $2,000 penalty on Thomason under 26 U.S.C. § 6673(a)(1). We review the tax court's imposition of a penalty under § 6673 for abuse of discretion. *Sandvall v. Comm'r*, 898 F.2d 455, 459 (5th Cir. 1990). Section 6673(a)(1) states: "Whenever it appears to the Tax Court that . . . (B) the taxpayer's position in such proceeding is frivolous or groundless . . . the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000." The tax court found that Thomason's arguments were "frivolous and groundless, and . . . were made for the purpose of delaying or avoiding entirely his tax reporting and payment obligations." As

No. 10-60200

explained above, Thomason's arguments are either gross distortions of IRS regulations or stale arguments that this court and others have consistently rejected. *See Clayton*, 506 F.3d at 412; *Bell*, 414 F.3d 475-76. The tax court warned Thomason before trial that if he continued to pursue frivolous arguments at trial, he would be subject to sanctions. Thomason did not heed this warning, and the tax court did not abuse its discretion in imposing a $2,000 fee under § 6673(a)(1).

The judgment of the tax court is AFFIRMED.