# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2011

No. 10-50480
Summary Calendar

Lyle W. Cayce
Clerk

ADOLFO SANDOR MONTERO,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1:08-CV-885

Before JOLLY, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2005, Montero earned over $160,000 working for Dell Products.  He filed suit against the Government in federal district court, seeking a refund of all federal taxes that Dell withheld from his pay ($27,929 in income tax and $8,104 in FICA tax).  He contends that the "unprivileged private-sector remuneration" that he received from Dell does not constitute taxable wages.  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50480

also sought an injunction enjoining the Government from "future abuse" and an unspecified amount of money damages.

The district court dismissed the complaint for lack of jurisdiction because Montero had not satisfied the jurisdictional prerequisites for filing a tax refund suit in federal court (payment of assessed tax liability in full and timely filing of an administrative claim for a refund with the Internal Revenue Service). *See* 28 U.S.C. 1346(a)(1); 26 U.S.C. 7422(a); *Flora v. United States*, 362 U.S. 145, 177 (1960). Montero argues that these jurisdictional prerequisites apply only to "taxpayers" and, therefore, do not apply to him because he is a "non-taxpayer." These arguments are patently frivolous and devoid of any merit whatsoever. Accordingly, the judgment of the district court is in all respects AFFIRMED.

Montero's "Motion to Improve Legibility of Currently Illegible Portions of the Record on Appeal" is DENIED as moot.

The Government's motion for a lump-sum sanction of $8,000, in lieu of calculating the costs and attorney's fees it incurred in responding to Montero's frivolous appeal, is GRANTED. This court has approved similar awards in similar cases because it "saves the government the additional cost of calculating its expenses, and also saves the court the time and expense of reviewing the submission of costs." *Parker v. Commissioner*, 117 F.3d 785, 787 (5th Cir. 1997); *see also Smith v. United States*, 2008 WL 5069783, at *2 (5th Cir. 2008) (unpublished) (awarding lump sum sanction of $8,000 against taxpayer for filing a frivolous appeal) *Wallis v. Commissioner*, 203 F. App'x 591, 594 (5th Cir. 2006) (unpublished) (same).

AFFIRMED; SANCTIONS IMPOSED.