# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2014

Lyle W. Cayce
Clerk

THOMAS RALPH YOUNG,

Petitioner – Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent – Appellee

Appeal from the Decision
of the United States Tax Court
TC No. 4664-12

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Thomas Young appeals an order of the Tax Court upholding a notice of deficiency and imposing a penalty pursuant to I.R.C. § 6673(a)(1). Because Young does not present any meritorious arguments on appeal, we DISMISS the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60439

I.

Between 1999 and 2008, Young failed to file any valid tax returns. On the only returns he did file – returns for the tax years 2000-2003 – Young indicated only that he was filing jointly with his wife and entered "0" for every other line. He also avoided wage withholding by claiming to be exempt on IRS W-4 forms.

As a result of these failures, the Internal Revenue Service (IRS) began an audit of Young. Because Young refused to assist with the determination of his income, the examining agent was forced to determine the amount of Young's income through other sources. To accomplish this, the examining agent reviewed Texas Sales and Use Tax Returns, deposit and withdrawal activity at two bank accounts controlled by Young, checks issued to Young, pay stubs, Young's share of his wife's income under community property laws, and Bureau of Labor data on similarly situated individuals.

Based on this review, the examining agent determined that Young had a tax deficiency of $125,522 for the tax years 2000-2008. The IRS also determined that Young was liable for statutory additions to tax for failure to pay tax on time, fraudulent failure to file returns, and failure to pay estimated tax. These statutory additions totaled $126,577.95.

In 2011, the Commissioner of Internal Revenue (the "Commissioner") issued a notice of deficiency to Young regarding the 2000-2008 tax years. Young responded by filing a petition in the Tax Court seeking a redetermination of the deficiencies. Young did not argue that he had filed returns for any of the tax years at issue, nor did he contest the income determinations made by the examining agent. Instead, Young argued that the income tax was an unconstitutional direct tax and that there was no statutory basis for requiring an individual to file a tax return. The Commissioner moved

No. 13-60439

for summary judgment, and, after allowing Young an opportunity to be heard, the Tax Court granted the motion. The Tax Court held that Young had presented "only meritless arguments" and that Young had instituted this case as a protest against the federal tax system.

In addition to granting the Commissioner's motion for summary judgment, the Tax Court also imposed a sanction against Young of $25,000 under I.R.C. § 6673(a)(1). This sanction was for Young's continued pressing of meritless arguments, consuming government resources. The Tax Court entered a final order and decision, and Young now appeals.

II.

On appeal, Young, acting *pro se*, argues that the income tax is an unconstitutional direct tax and that the Internal Revenue Code does not make an individual liable for the payment of federal income tax. These arguments are meritless. In regards to the income tax, suffice it to say, "[a]t this late date, it seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need to apportion the tax equally among the states, or to classify it as an excise tax applicable to specific categories of activities." *Parker v. Commissioner*, 724 F.2d 469, 471-72 (5th Cir. 1984). We see no need to further defend a tax system that has been uniformly upheld.

Young's argument that an individual is not liable for income taxes is similarly meritless. Courts of Appeals have routinely held that the Internal Revenue Code imposes a liability for income taxes on individuals. *See Rayner v. Commissioner*, 70 F. Appx. 739, 740 (5th Cir. 2003) ("In general, all citizens of the United States are liable to the income taxes imposed. . . .") (internal alterations omitted). *See also, Biermann v. Commissioner*, 769 F.2d 707, 708

3

No. 13-60439

(11th Cir. 1985) (describing an identical argument as "patently frivolous"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (same).

Young also argues that the imposition of a $25,000 sanction by the Tax Court violates the Eighth Amendment. Because Young only raises this issue in a single conclusory sentence, we need not address it. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

III.

In addition to asking us to affirm the judgment of the Tax Court, the Commissioner also requests that we impose sanctions of $8,000 against Young under Federal Rule of Appellate Procedure 38. The Commissioner asks for this sanction to partially compensate the government for defending this frivolous appeal.

As we have previously stated, "[s]anctions on *pro se* litigants are appropriate if they were warned . . . that their claims are frivolous and if they were aware of ample legal authority holding squarely against them." *Stearman v. Commissioner*, 436 F.3d 533, 538 (5th Cir. 2006) (per curiam) (internal quotation marks omitted). Here, Young was warned numerous times by the Tax Court that his position was frivolous and that he was at risk of having sanctions imposed against him. Despite these admonitions, Young continued to press those arguments before the Tax Court, and continues to do so in this appeal. It is thus clear that Young was not deterred by the $25,000 sanction imposed by the Tax Court. For this reason, additional sanctions are appropriate for Young's continued pressing of frivolous arguments on appeal.

Accordingly, we grant the Commissioner's motion seeking $8,000 in sanctions against Young under Federal Rule of Appellate Procedure 38. *See Wallis v. Commissioner*, 203 F. App'x 591, 594 (5th Cir. 2006) (granting a government motion for $8,000 in sanctions under Rule 38).

4

No. 13-60439

## IV.

For the foregoing reasons, the appeal is DISMISSED, and the Commissioner's motion for the imposition of sanctions in the amount of $8,000 is GRANTED.