# United States Tax Court

T.C. Memo. 2024-92

RUBEN T. VARELA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19399-23L.                          Filed October 1, 2024.

————

Ruben T. Varela, pro se.

*Timothy Duong* and *Billi Seale*, for respondent.

## MEMORANDUM OPINION

PUGH, *Judge*: After concessions, petitioner seeks review of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals[1] (Appeals) pursuant to section 6330(d)(1)[2] to uphold a proposed levy to collect a $5,000 frivolous tax return penalty under the provisions of section 6702(a) for a purported federal income tax return filed for the 2017 tax year.

Currently before the Court are the parties' competing Motions for Summary Judgment, respondent's Motion for this Court to impose a

—————————

[1] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2] penalty under section 6673, and petitioner's Motion to Restrain Assessment or Collection or to Order Refund of Amount Collected (Motion to Restrain). For the reasons discussed below, we will grant respondent's Motion for Summary Judgment, decline to impose a section 6673 penalty, and deny petitioner's Motion for Summary Judgment and Motion to Restrain.

*Background*

The following facts are derived from the pleadings, the parties' Motion papers, and the administrative record. They are stated solely for purposes of deciding the Motions before us and not as findings of fact in this case. Petitioner resided in California when he filed the Petition.

Petitioner filed a 2017 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, reporting zero wages and zero taxable income, claiming the standard deduction, and seeking a refund of $1,373 (comprising $508 in federal income tax, $701 in Social Security tax, and $164 in Medicare tax withholdings). Attached to his Form 1040EZ were four Forms 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., each reporting zero wages or income. Each Form 4852 included a statement that the reported amount was determined from the "[r]ecords from the party identified as 'payer' on line 5." The IRS transcripts for 2017 reflect third-party information regarding wages and income petitioner received. Specifically, it states that petitioner had $11,311 in wages and $1,436 in cancellation of indebtedness income.

The IRS mailed petitioner a letter that stated petitioner "filed a purported tax return . . . that claimed one or more frivolous positions." The letter directed petitioner to file a corrected return within 30 days and warned that, if no action was taken, the IRS might assess a section 6702(a) frivolous return penalty. Petitioner responded that his 2017 tax return did not take a frivolous position. The IRS then issued to petitioner Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, which assessed a $5,000 section 6702(a) penalty for 2017. The Form 8278 cited "ARG CD 44" in the remarks section and contained the signature of the examining technician's manager.

The IRS later issued a Notice of Deficiency, in which it determined an $8,633 deficiency for 2017. Petitioner petitioned this Court, at Docket No. 22573-21, challenging the IRS's determination and

[*3] asserting that "[n]o underpayment of [p]etitioner's [f]ederal income tax liabilities exist[] for the 2017 tax year." The case was resolved by the parties without trial, and the Court entered a stipulated decision "[t]hat there is no deficiency in income tax due from, nor overpayment due to, the petitioner for the taxable year 2017."

Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2017 shows that the original overpayment credit of $1,373, corresponding to petitioner's refund claim on his Form 1040EZ, was transferred to a different tax year and then reversed. Instead, an overpayment credit of $508 for the withheld federal income tax only was transferred. Thus, petitioner's original refund claim for $1,373 was denied to the extent of his withheld Social Security and Medicare taxes (totaling $865).

The IRS issued Notice CP90, Notice of Intent to Seize Your Assets and of Your Right to a Hearing, dated August 16, 2021, to petitioner for the section 6702(a) penalties it assessed for tax years 2005 and 2017. Petitioner timely requested an administrative hearing, disputing the penalties. Following the administrative hearing, Appeals issued a Notice of Determination Concerning Collection Actions under IRS Sections 6320 or 6330 of the Internal Revenue Code, sustaining the proposed levy. On May 20, 2024, the parties executed a Stipulation of Settled Issues, stipulating that petitioner was not liable for a section 6702(a) penalty for tax year 2005 and the proposed levy for that penalty should not be sustained. We still must decide whether petitioner is liable for the section 6702(a) penalty for 2017, whether respondent's proposed levy for that penalty should be sustained, and whether petitioner is entitled to a refund for tax year 2005.

*Discussion*

I. *Standard and Scope of Review*

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 121(a)(2). In deciding whether to grant summary judgment, we consider factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

**[\*4]** Where the validity of the taxpayer's underlying liability is at issue, we review the IRS's determination de novo. *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the validity of the underlying tax liability is not properly at issue, the Court will review the IRS's determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000).

A taxpayer may challenge his underlying tax liability at an administrative hearing if he did not receive a notice of deficiency or otherwise have an opportunity to dispute his tax liability. § 6330(c)(2)(B). Respondent concedes that because the section 6702(a) penalty in issue is an assessable penalty, petitioner was not given an opportunity to challenge it before assessment. *See* § 6703(b); *Callahan v. Commissioner*, 130 T.C. 44, 49–50 (2008) (explaining statutory deficiency procedures do not apply to section 6702(a) frivolous return penalties).

II.    *Underlying Liability for 2017 Section 6702(a) Penalty*

Section 6702(a) imposes a $5,000 penalty upon a person who files a frivolous tax return if three requirements are met. First, the person must have filed "what purports to be a return of a tax imposed by" the Code. § 6702(a)(1). Second, the purported return must be a document that either "(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect." *Id.* Third, the person's conduct either "(A) is based on a position which the Secretary has identified as frivolous . . . or (B) reflects a desire to delay or impede the administration of Federal tax laws." *Id.* para. (2). Section 6702(c) provides that "[t]he Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has identified as being frivolous."

This Court generally looks to the face of the document to determine whether a purported return is "frivolous." *See Callahan*, 130 T.C. at 51. If a purported return reflects a position that the IRS has identified as "frivolous," then the taxpayer's good-faith belief in the correctness of his position is no defense to the penalty. *See Hudson v. United States*, 766 F.2d 1288, 1291 (9th Cir. 1985) (per curiam).

The IRS bears the burden of production and the burden of proof regarding a taxpayer's liability for a section 6702(a) penalty. *See* §§ 6703(a), 7491(c). The burden of production includes showing

[*5] compliance with the supervisory approval requirement of section 6751(b)(1), which requires that the initial determination to assess certain penalties "is personally approved (in writing) by the immediate supervisor of the individual making such determination." *See Kestin v. Commissioner*, 153 T.C. 14, 22 (2019).

Petitioner concedes that his submission purports to be an income tax return. And although he initially appears to concede that "[r]espondent has met his burden of proof that the 2017 return is substantially incorrect on its face, pursuant to [section] 6702(a)(1)(B)," he later argues that the requirement cannot be met because he "owes zero ($0.00) [in] underlying tax liability, [for the] 2017 tax year." Petitioner is incorrect. Although the stipulated decision at Docket No. 22573-21 concluded that petitioner owed no federal income tax for 2017, he still owed Social Security and Medicare taxes, and his return wrongly claimed a refund for those taxes.

Moreover, a taxpayer who files a frivolous return may be penalized even if he was not required to file a return or owes no tax for the year in question. *Bradley v. United States*, 817 F.2d 1400, 1403 (9th Cir. 1987); *see Clarkson v. Commissioner*, T.C. Memo. 2022-92, at *9 n.4; *Whitaker v. Commissioner*, T.C. Memo. 2017-192, at *11. A taxpayer need not have an underlying liability for the IRS to assess a section 6702(a) penalty, so long as the return meets the statutory definition of a frivolous tax submission. *Whitaker*, T.C. Memo. 2017-192, at *11 n.3 ("[A] taxpayer who engages in conduct specified in section 6702(a) may be penalized even if he has no tax liability for the year at issue."). And this Court has consistently characterized returns that report zero wages or income as both substantially incorrect and "not contain[ing] information on which the substantial correctness of the self-assessment may be judged." § 6702(a)(1)(A); *see Grunsted v. Commissioner*, 136 T.C. 455, 460 (2011) (first citing *Blaga v. Commissioner*, T.C. Memo. 2010-170; then citing *Ulloa v. Commissioner*, T.C. Memo. 2010-68; then citing *Hill v. Commissioner*, T.C. Memo. 2003-144; and then citing *Rayner v. Commissioner*, T.C. Memo. 2002-30, *aff'd*, 70 F. App'x 739 (5th Cir. 2003)).

Petitioner further contends that the IRS failed to adequately identify "a position which the Secretary has identified as frivolous." § 6702(a)(2)(A). He argues that the Form 8278 identified "ARG CD 44" as the reason for assessment, but that position (44) within Notice 2010-33 is not relevant. *See* I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, 612. As respondent observes: "ARG CD 44" corresponds to "Argument Codes"

[*6] (i.e., an enumerated list of frivolous arguments) identified in the *Internal Revenue Manual* (IRM). *See* IRM 25.25.10-1(44) (Dec. 15, 2022). This Argument Code, "Zero Wages on a Substitute Form," is a position identified as frivolous by positions (1)(e) and (22) of Notice 2010-33. *See* Notice 2010-33, 2010-17 I.R.B. at 609, 611. Section 6702(a)(2)(A) requires only that the position be identified as frivolous by the Secretary, and there is no requirement that Form 8278 cite the applicable position from Notice 2010-33. *See Jaxtheimer v. Commissioner*, T.C. Memo. 2019-164, at *15, *aff'd*, 854 F. App'x 263 (10th Cir. 2021). As all statutory requirements are met, we find that petitioner's 2017 tax return is frivolous pursuant to section 6702(a).

III.  *Abuse of Discretion*

In deciding whether Appeals abused its discretion in sustaining a collection action, we consider whether it (1) properly verified that the requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues the taxpayer raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the [taxpayer] that any collection action be no more intrusive than necessary." § 6330(c)(3).

Petitioner raises several arguments regarding whether respondent has met his burdens of proof and production, including whether the manager's review and signature satisfied section 6751(b)(1). We hold that Form 8278 complied with the requirements of section 6751(b)(1), and our review of the administrative record reveals no abuse of discretion by Appeals. The administrative record shows that Appeals properly verified that the requirements of applicable law and administrative procedure were followed, considered relevant issues petitioner raised, and properly balanced the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary. *See* § 6330(c)(3). We therefore uphold respondent's determination.

IV.  *Petitioner's Motion to Restrain*

Finally, petitioner's Motion to Restrain seeks a refund of a purported $1,236 overpayment from his 2015 tax year that he says was applied towards his 2005 tax year underpayment. We do not have jurisdiction over petitioner's 2015 tax year. We only have jurisdiction over the proposed collection action in connection with the 2005 section

**[\*7]** 6702(a) penalty (along with the 2017 penalty we resolved above) and will enter an order in accordance with respondent's concession that the proposed levy for the 2005 penalty should not be sustained. But that is as far as we can go. We are a court of limited jurisdiction; in our review of this collection case we cannot consider any claim for refund. *See Weber v. Commissioner*, 138 T.C. 348, 368 (2012) (explaining the limits to our section 6330 jurisdiction). Moreover, an offset under section 6402 is not a collection action that is subject to review in this section 6330 proceeding. *See Boyd v. Commissioner*, 124 T.C. 296, 300–01 (2005), *aff'd*, 451 F.3d 8 (1st Cir. 2006); Treas. Reg. § 301.6330-1(g)(2), Q&A-G3.

V.       *Section 6673 Penalty*

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty, not to exceed $25,000, whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

We have seen no other case in which petitioner was warned against pursuing these types of arguments (nor did we warn him in this case before respondent's Motion was filed). We decline to impose a section 6673 penalty at this time. We caution petitioner that a penalty may be imposed in future cases before this Court should he continue to pursue these misguided positions.

*An appropriate order and decision will be entered.*