T.C. Memo. 2005-278

UNITED STATES TAX COURT

RONALD LEE BONACCORSO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8003-04.            Filed December 1, 2005.

Ronald Lee Bonaccorso, pro se.

<u>Anne D. Melzer</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies of $22,988

and $23,825 in petitioner's Federal income taxes for 1999 and

2000, respectively.  Respondent also determined additions to tax

of $1,987 and $5,527.25 under section 6651(a)(1) and $303.52 and

$1,170.76 under section 6654 for those years, respectively.  At

the time of trial, respondent filed a motion for sanctions under

section 6673.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in New York at the time that he filed his petition.

During 1999 and 2000, Frontier Telephone of Rochester paid petitioner compensation of $90,319 and $91,192, respectively. HSBC Bank, USA, paid petitioner $34 of interest income in each year.  Level County Bank of Boston paid petitioner $17 of dividends in 1999, and Equiserve paid petitioner $18 of dividends in 2000.

During 1999, Level County Bank of Boston paid petitioner $2,970 of gross proceeds from the sale of stocks and bonds. Petitioner has offered no proof of any basis in the stocks and bonds sold.

During 2000, Equiserve paid petitioner $1,942 of gross proceeds from the sale of stocks and bonds.  Petitioner has offered no proof of any basis in the stocks and bonds sold.

During 2000, Western Regional OTB Corp. paid petitioner $3,009 of gross proceeds from gambling.  Petitioner has offered

no proof of any gambling losses incurred in the same taxable year.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for 1999 and 2000 showing "0" on every line except the line for withholding credits (line 58), the line showing total payments (line 65), and the lines showing refunds due (lines 66 and 67a). To each Form 1040, he attached a copy of his Form W-2, Wage and Tax Statement, for the year and a letter summarizing his legal arguments. The arguments included that no sections of the Internal Revenue Code established an income tax liability, required him to file a return, or authorized the procedures followed by the Internal Revenue Service. Petitioner did not make any estimated tax payments for 1999 or 2000.

## Discussion

In the petition in this case, petitioner did not state any facts or assign any errors in respondent's determination of taxable income and tax. The petition merely repeated petitioner's claim that "I found no code section that made me liable for any income tax."

The arguments that petitioner attached to his Forms 1040 for 1999 and 2000 have been long recognized as stale, groundless, and frivolous. Section 1 imposes an income tax on petitioner's taxable income. Section 63 defines taxable income as gross income minus deductions. All of the categories of income

received by petitioner during the years in issue are specified in section 61, which provides in relevant part:

SEC. 61.  GROSS INCOME DEFINED.

(a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

(1) Compensation for services, including fees, commissions, fringe benefits, and similar items;

\*       \*       \*       \*       \*       \*       \*

(3) Gains derived from dealings in property;

(4) Interest;

\*       \*       \*       \*       \*       \*       \*

(7) Dividends;

Petitioner's arguments to the contrary have been consistently rejected and characterized as frivolous in innumerable cases.  No further discussion of them is merited.  See Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Cabirac v. Commissioner, 120 T.C. 163, 167 (2003).

Petitioner stipulated that he had presented no evidence of basis that would reduce the proceeds he received from the sale of stock and that he offered no proof of any gambling losses that would offset his gambling winnings.  He has not suggested that he had any deductions beyond the standard deduction allowed by respondent in the statutory notice of deficiency.

The stipulated facts also satisfy respondent's burden of going forward with respect to additions to tax. See Cabirac v. Commissioner, supra at 168; Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Petitioner was allowed time after the case was submitted to respond to respondent's motion for sanctions under section 6673, which provides:

> SEC. 6673(a). Tax Court Proceedings.--
>
> (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>
> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, or
>
> (C) the taxpayer unreasonably failed to pursue available administrative remedies,
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Petitioner did not file a response to the motion. Because petitioner's arguments are frivolous and groundless and because the record compels the conclusion that this proceeding was instituted and maintained primarily for delay, respondent's motion will be granted, and a penalty will be awarded to the United States in the amount of $10,000.

Petitioner is also advised that appellate courts have ordered sanctions for frivolous appeals in similar cases. See Coleman v. Commissioner, 791 F.2d 68, 72-73 (7th Cir. 1986); Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985); Schiff v. Commissioner, 751 F.2d 116, 117 (2d Cir. 1984), affg. T.C. Memo. 1984-223.

To reflect the foregoing,

An appropriate order and decision for respondent will be entered.