SCOTT GRUNSTED, PETITIONER *v*. COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 12954–09L.          Filed May 11, 2011.

P filed late purported income tax returns for 2002, 2003 and
2004 showing zero income and seeking refunds for taxes with-
held. R notified P that two of the purported returns would not
be accepted for lack of sufficient information and that they
were based on frivolous positions. P resubmitted substantially
identical purported tax returns for those two years. R
assessed five frivolous return penalties under sec. 6702,
I.R.C., against P for those years. P failed to pay the penalties.
R then commenced collection action against P. P argues that
R may not proceed with the proposed collection action as the
penalties were invalid assessments. P maintains that the pen-
alties were not properly assessed because no district director
exists. District directors were eliminated after the Internal
Revenue Service Restructuring and Reform Act of 1998, Pub.
L. 105–206, 112 Stat. 685. R moves for summary judgment.

1. *Held*: P is liable for the five frivolous return penalties
under sec. 6702, I.R.C., which were validly assessed because
the district director responsibilities were reassigned under the
savings provision of the Internal Revenue Service Restruc-
turing and Reform Act of 1998, Pub. L. 105–206, sec. 1001,
112 Stat. 689, and IRS Deleg. Order 1–23 (formerly IRS
Deleg. Order 193, Rev. 6), Internal Revenue Manual pt.
1.2.40.22 (Nov. 8, 2000).

455

2. *Held*, *further*, R may proceed with collection.

3. *Held*, *further*, P is not subject to a penalty under sec. 6673, I.R.C., but is warned that continued frivolous arguments may subject him to the sec. 6673, I.R.C., penalty in the future.

Scott Grunsted, pro se.
*Lisa M. Oshiro* and *Melanie Senick*, for respondent.

OPINION

KROUPA, *Judge*: This collection review matter is before the Court on respondent's motion for summary judgment under Rule 121. [1] The first issue for decision is whether petitioner is liable for the five frivolous return penalties assessed for the 2002, 2003 and 2004 tax years (the years at issue). We find that he is liable. The second issue for decision is whether respondent's determination to proceed with the proposed collection action is an abuse of discretion. We hold it is not.

*Background*

Petitioner resided in Hayden, Idaho at the time he filed the collection review petition. Petitioner is a husband, a father and a college graduate.

Petitioner filed late purported income tax returns on Form 1040EZ for each of the years at issue. His purported returns showed zero income. Petitioner attached letters to the purported returns supporting his zero income filings by claiming that private sector payments for labor are not taxable. He attached a Form 4852, Substitute for Form W–2, Wage and Tax Statement, to each purported tax return. Petitioner reported that his employer, Agency Software, Inc., had withheld Federal income tax, State tax, local tax, Social Security tax and Medicare tax. Petitioner sought refunds for all Federal taxes withheld and also requested refunds for Social Security and Medicare taxes in his letters.

Respondent notified petitioner in a letter that the purported returns for 2002 and 2003 would not be accepted because they lacked sufficient information and were based on frivolous positions. Petitioner resubmitted substantially iden-

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

tical purported tax returns for those two years, again showing zero income and again seeking a refund of certain amounts withheld from his wages. Respondent assessed frivolous return penalties against petitioner for the three years at issue. Respondent assessed a penalty for each of the five purported returns filed in those years, in the amounts of $500 and $500 for 2002, $500 and $5,000 for 2003 and $5,000 for 2004. [2]

Petitioner failed to pay the penalties. Respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the five frivolous return penalties. Respondent also filed two notices of Federal tax lien with the relevant county recorder. One lien dealt with the two penalties for 2002 and the one penalty for 2004. The other lien dealt with the two penalties for 2003. Respondent notified petitioner of the Federal tax liens, detailing the liens and petitioner's right to a collection due process (CDP) hearing. Petitioner responded to the levy and lien notices, asserting that no lawful assessments had been made and threatening criminal complaints and civil action. Petitioner argued that the penalties were invalid assessments because no district director exists. Per petitioner, the Secretary is required under regulations to appoint a district director for assessment purposes, and no tax may be assessed without a district director.

Respondent's Appeals Office scheduled a CDP hearing and requested petitioner to provide outstanding tax returns and certain financial information. Petitioner failed to provide any returns or financial information so that collection alternatives could be considered. Petitioner did, however, send a long letter arguing that respondent had failed to follow assessment procedures because the Secretary had not appointed a district director in his geographical area. Petitioner concluded that, because there was no district director, there were also no assessment officers and therefore the penalties could not be assessed against him. Petitioner also asserted other arguments that his wages were zero and that he was not subject to any frivolous return penalty.

---

[2] The amount of the frivolous submission penalty was increased from $500 to $5,000 in December 2006. See Tax Relief and Health Care Act of 2006, Pub. L. 109–432, div. A, sec. 407, 120 Stat. 2960.

Respondent's Appeals Office again asked petitioner to provide tax returns and other information and notified petitioner that his arguments were frivolous. After sending yet another letter with substantially similar arguments, petitioner had a telephone CDP hearing. Petitioner raised substantially similar arguments at his hearing, and he failed to provide the requested documents or propose collection alternatives.

Respondent's Appeals Office upheld respondent's collection action, including a proposed levy, and sent a determination letter to petitioner. Petitioner timely filed a petition with this Court. Petitioner's only argument in his two-sentence petition is that he does not owe the frivolous return penalties because proper assessment cannot be made in the absence of a district director.

Respondent filed a motion for summary judgment, and petitioner filed a response. This is the first time this Court has addressed in a published Opinion the question of whether the absence of a district director causes an assessment to be invalid. [3]

*Discussion*

Petitioner has followed in the footsteps of numerous others who have unsuccessfully attempted to avoid paying Federal income taxes. Petitioner wants only to contest his liability for the frivolous return penalties in this collection review matter.

We begin by noting that we have jurisdiction to review a determination notice issued under section 6330 where the underlying tax liability consists of frivolous return penalties. See *Callahan v. Commissioner*, 130 T.C. 44, 47–49 (2008). We also note that petitioner may contest the frivolous return penalties before this Court. [4] See *id.* at 49–50. We next review general rules that apply to summary judgment.

---

[3] A Federal District Court has rejected the district director argument. *United States v. Booth*, 106 AFTR 2d 2010–6409, 2010–2 USTC par. 50,626 (E.D. Cal. 2010). We are not, however, bound by the decision of the District Court for the Eastern District of California.

[4] Petitioner did not receive a deficiency notice with respect to the frivolous return penalties because the statutory deficiency procedures do not apply to frivolous return penalties. See sec. 6703(b); *Yuen v. United States*, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003). Petitioner also has not disputed the penalties during a prior conference with respondent's Appeals Office. See *Lewis v. Commissioner*, 128 T.C. 48 (2007). As a result, petitioner may contest the penalties both at a CDP hearing and before this Court.

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Summary judgment may be granted if the pleadings and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We next consider the standard of review under which we evaluate respondent's summary judgment motion. Where the validity of the underlying tax liability is properly at issue, as the case is here, we will review the matter de novo. See *Callahan v. Commissioner*, *supra* at 50; *Sego v. Commissioner*, 114 T.C. 604, 610 (2000). Where the validity of the underlying tax liability is not properly at issue, we will review the Commissioner's determination for abuse of discretion. See *Callahan v. Commissioner*, *supra* at 50–51; *Sego v. Commissioner*, *supra* at 610.

We now review the frivolous return penalties in light of the dual purpose of our review. A civil penalty for filing frivolous returns may be assessed against a taxpayer if three requirements are met. First, the taxpayer must file a document that purports to be an income tax return. Sec. 6702(a)(1). Second, the purported return must lack the information needed to gauge the substantial correctness of the self-assessment or contain information indicating the self-assessment is substantially incorrect. *Id.* Third, the taxpayer's position must be frivolous or demonstrate a desire to delay or impede the administration of Federal income tax laws. Sec. 6702(a)(2). We generally look to the face of the documents to determine whether a taxpayer is liable for a frivolous return penalty as a matter of law. See *Yuen v. United States*, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003).

Respondent satisfied the first element by showing that petitioner filed five documents for the years at issue that each purported to be an income tax return. The five Forms 1040EZ purported to be income tax returns filed to obtain tax refunds. See *Callahan v. Commissioner*, *supra* at 53. Petitioner attached a Form 4852 to each purported return, reporting amounts that petitioner's employer had withheld

for tax. Petitioner thus filed five purported tax returns for the years at issue.

Respondent satisfied the second element as well. Petitioner claimed on his purported returns and on the attached Forms 4852 that he received no wages. The same Forms 4852, however, indicated that Agency Software, Inc. had withheld certain taxes on wages to petitioner. Petitioner attached explanations to his initial purported returns, clarifying that the payments he received were for labor. These attached letters made patently erroneous assertions, including that the Federal Government could tax only income "federally connected" and not the payments petitioner received from the private sector. By the same token, none of the purported returns petitioner submitted contained information on which the substantial correctness of the self-assessment might be determined.

Finally, respondent satisfied the third element by showing that the purported returns reflect frivolous positions. This Court and others have repeatedly characterized returns reflecting zero income and zero tax as frivolous. See *Blaga v. Commissioner*, T.C. Memo. 2010–170; *Ulloa v. Commissioner*, T.C. Memo. 2010–68; *Hill v. Commissioner*, T.C. Memo. 2003–144; *Rayner v. Commissioner*, T.C. Memo. 2002–30, affd. 70 Fed. Appx. 739 (5th Cir. 2003). Petitioner advanced meritless tax-protester arguments to report zero wages on his purported returns. We do not address petitioner's groundless arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). We therefore find that petitioner is liable for the frivolous return penalties under section 6702 because all of the elements have been met.

Petitioner argued to respondent's Appeals Office and in his petition that respondent cannot assess frivolous return penalties against him, even if section 6702 would otherwise apply, because the assessments for the penalties are invalid. We disagree.

An assessment is made by recording the liability of a taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Sec. 6203. Assessments are made by assessment officers who are appointed by

the district director and the director of the regional service center. Sec. 301.6203–1, Proced. & Admin. Regs. Petitioner argues that there is no district director; therefore no assessment officers have been properly appointed and so there can be no valid assessment of frivolous return penalties against him. Petitioner is correct in arguing that there are no longer any district directors. He errs, however, in concluding that there were no valid assessments because of the absence of district directors.

The IRS has been reorganized several times in recent history. The district director position and responsibilities were assigned to others after the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. 105–206, 112 Stat. 685, required the Commissioner to eliminate or substantially modify the IRS' national, regional and district structure. *Id.* sec. 1001, 112 Stat. 689. To ensure continuity of operations, the RRA specifically included a savings provision. *Id.* sec. 1001(b). The savings provision applies to keep in effect regulations that refer to officers whose positions no longer exist. *Id.* It also provides that nothing in the reorganization plan would be considered to impair any right or remedy to recover any penalty claimed to have been collected without authority. *Id.*

Furthermore, IRS Deleg. Order 1–23 (formerly IRS Deleg. Order 193, Rev. 6), Internal Revenue Manual pt. 1.2.40.22 (Nov. 8, 2000), allows directors, submission processing field, compliance services field and accounts management field to appoint assessment officers. This order further implemented Congress' intent that the IRS' normal duties, including that of assessment, not be obstructed by the reorganization.[5] In short, petitioner's frivolous return penalties were properly assessed and his argument, albeit novel, is without merit.

Petitioner has not advanced arguments or presented evidence allowing us to conclude that the determination to sustain the proposed collection action was arbitrary, capricious, or without sound basis in fact or otherwise an abuse of discretion. See, e.g., *Giamelli v. Commissioner*, 129 T.C. 107,

---

[5] See H. Conf. Rept. 105–599, at 194 (1998), 1998–3 C.B. 747, 948 ("The IRS Commissioner is directed to restructure the IRS by eliminating or substantially modifying the present-law three-tier geographic structure and replacing it with an organizational structure that features operating units serving particular groups of taxpayers with similar needs. * * * The legality of IRS actions will not be affected pending further appropriate statutory changes relating to such a reorganization (e.g., eliminating statutory references to obsolete positions).").

112, 115 (2007). Petitioner did not provide any collection alternatives or present any other defenses. The record indicates that the only issues petitioner raised throughout the administrative process, in his petition and at the summary judgment hearing were frivolous tax-protester arguments and groundless arguments about assessment authority. We therefore conclude that respondent's determination to proceed with the proposed collection action is not an abuse of discretion. It is appropriate for us to grant respondent's summary judgment motion.

We now address whether it is appropriate for us to impose a penalty against petitioner on our own motion under section 6673. This section authorizes the Tax Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. See sec. 6673; *Scruggs v. Commissioner*, T.C. Memo. 1995–355, affd. without published opinion 117 F.3d 1433 (11th Cir. 1997); *Zyglis v. Commissioner*, T.C. Memo. 1993–341, affd. without published opinion 29 F.3d 620 (2d Cir. 1994). The purpose of section 6673, like that of section 6702, is to compel taxpayers to think and to conform their conduct to settled tax principles. See *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir. 1986).

We note that the type of argument petitioner raised, especially that his wages are not taxable, is the type of argument that has been deemed by this Court to be frivolous and/or sanctionable under section 6673. It is apparent from the record that petitioner instituted this proceeding in continuation of his refusal to acknowledge and satisfy his tax obligations. Such proceedings waste the Court's and respondent's limited resources, taking time away from taxpayers with legitimate disputes. We take this opportunity to admonish petitioner that the Court will consider imposing a substantial penalty if petitioner returns to the Court and advances similar arguments in the future.

We have considered all remaining arguments the parties made and, to the extent not addressed, we conclude they are irrelevant, moot or meritless.

To reflect the foregoing,

> *An appropriate order and decision for respondent will be entered.*