T.C. Summary Opinion 2016-34

UNITED STATES TAX COURT

JOSEPH L. EVANS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20464-13S L.                    Filed July 5, 2016.

Joseph L. Evans, pro se.

Matthew S. Reddington, for respondent.

SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. The controversy before the Court arises from respondent's determination to proceed with collection by the filing of a notice of Federal tax lien under section 6320 with respect to petitioner's 2007, 2010, and 2011 tax liabilities and frivolous return penalties for 2007, 2008, and 2009. The issues for our consideration are: (1) whether respondent's settlement officer abused her discretion by making the determination that respondent should proceed with collection; and (2) whether the returns and/or amended returns that petitioner submitted were "frivolous" so as to warrant the assessment of penalties under section 6702.

## Background

At the time the petition was filed, petitioner resided in Pennsylvania. Petitioner submitted a 2007 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, reporting zero wages and zero in all income boxes except for "unemployment compensation", where he reported $139. He reported income tax withholding of $4,330.96 and sought a refund of the $4,330.96. Attached to the Form 1040EZ were three Forms W-2, Wage and Tax Statement, each of which reflected amounts of wages and tax withheld. The

amount of wages on each Form W-2 had been crossed out and the following statement attached:

> This corrected W-2 is submitted to rebut a document known to have been submitted previously by the party identified as "EMPLOYER" which has erroneously alleged a "PAYMENT" to the party listed as "EMPLOYEE" as defined by the internal revenue code sections 3121 and 3401. I am NOT an "EMPLOYEE" nor have I received "wages" as defined by the aforementioned relevant code sections. I declare that I have examined this statement and to the best of my knowledge it is true, correct, and complete. [Followed by a signature and date.]

Each Form W-2 had been further modified by the addition of the word "CORRECTED". Petitioner also attached Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance, Contracts, etc., with respect to each Form W-2 indicating zero wages and the same amounts of tax withheld as was shown on each Form W-2.

When petitioner initially submitted his 2007 return, respondent sent him a notification that adjustments had been made with respect to his income tax withholding and also issued a refund check for $2,759.19. Thereafter, in connection with petitioner's 2007 return, he received an examination report denying a refund and, instead, advising that he would have a $1,533 income tax deficiency for the 2007 tax year. Petitioner, in response, submitted a Form 1040A,

U.S. Individual Income Tax Return, which in all respects made the same contentions as the Form 1040EZ for 2007 and claimed the same $4,330.96 refund of all tax withheld. Petitioner also disagreed with the examination report for 2007. Subsequently, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, which ostensibly disputed the amount of tax that respondent determined and sought a $106.96 refund for 2007. Respondent assessed $5,000 penalties under section 6702 with respect to petitioner's 2007 submitted or filed documents.

For 2008 petitioner followed the same approach as for 2007, submitting a Form 1040EZ showing zero wages and zero in all income boxes except "unemployment compensation", where he reported $2,454. He reported income tax withholding of $5,175.18 and requested a refund of that amount contending that he did not have "wages". Similarly, petitioner submitted a second Form 1040EZ with an attached Form 4852 in response to respondent's examination report for 2008, which included the same claim for refund of the $5,175.18 in withholding. Respondent likewise assessed $5,000 penalties with respect to the 2008 returns.

For 2009 petitioner again followed the same approach as for 2007 and 2008, submitting a Form 1040A showing zero wages and $2,881.87 in withholding but

seeking a $2,707.87 refund, which was slightly less than the amount of tax withheld. On the Form 1040A petitioner reported $11,097 of unemployment compensation, which he included in his adjusted gross income, resulting in a $174 tax liability for 2009. Subsequently, petitioner submitted a Form 1040X which reflected an "Amended" refund of $2,805.18. Again, respondent assessed $5,000 penalties in connection with petitioner's 2009 documents. For 2010 and 2011 petitioner filed returns that respondent also considered to be "frivolous", and the documents filed were not treated as timely filed returns. Respondent issued a statutory notice of deficiency for petitioner's 2010 and 2011 tax years, determining income tax deficiencies and late filing additions to tax. Petitioner did not petition this Court with respect to the 2010 and 2011 deficiency notice, and respondent assessed the determined income tax deficiencies and additions to tax.

After the $5,000 penalties had been assessed, petitioner was in touch with a representative of the Internal Revenue Service (IRS) Appeals Office, who advised that a form could be filed with respect the penalties and that the amount of each penalty could be reduced from $5,000 to $500. Petitioner chose not to submit the form and/or pay reduced penalties.

On August 1, 2013, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330

concerning income tax for 2007, 2010, and 2011 and section 6702 frivolous tax penalties for 2007, 2008, and 2009. In that notice respondent determined that the filing of a notice of Federal tax lien was proper and appropriate. The notice of determination was preceded by the following events.

1. In response to notification of the filing of a notice of Federal tax lien, petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In the Form 12153 petitioner advised that "IRS did not follow procedures, I have entered [into an] installment agreement due to fear of financial hardship * * *. I have submitted contradicting information regarding tax years on Oct 19, 2012."

2. Respondent's settlement officer (SO) acknowledged petitioner's request and a hearing via telephone was held on April 4, 2013. During the telephone hearing petitioner contended that the frivolous return penalties for 2007, 2008, and 2009 should not be applied because he had submitted amended returns for those years. The SO responded that the amended returns were also considered frivolous.

In his timely petition to this Court, filed September 3, 2013, petitioner contested respondent's determination with respect to the frivolous return penalties by alleging that he had filed amended returns for the three years involved. He also contested the late filing additions for 2010 and 2011, alleging that he had timely

filed those returns. Petitioner also contended that respondent did not comply with procedures during the administrative collection process.

Discussion

Petitioner seeks review of the determination by the IRS sustaining collection activity with respect to unpaid income tax and section 6702 frivolous return penalties. In this type of action we review an IRS administrative determination de novo if the underlying tax liability is properly at issue. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Otherwise, the Court reviews the IRS determination for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

If a taxpayer requests a hearing in response to a notice of Federal tax lien, he may raise any relevant issue relating to the unpaid tax or the collection action. Sec. 6330(c)(2). Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of his underlying liability in a collection due process proceeding only if he did not receive a notice of deficiency or otherwise have an opportunity to contest that liability.

Petitioner raises the underlying liabilities with respect to the section 6702 frivolous return penalties. The Commissioner may assess a frivolous return penalty without a preassessment opportunity to contest such determinations. See sec. 6703(b). Accordingly, petitioner did not previously have the opportunity to question the underlying section 6702 penalties and may do so in this proceeding. Generally, section 6702 provides for a $5,000 civil penalty for filing a frivolous tax return.

Petitioner argues that his filing of amended or supplementary returns for 2007, 2008, and 2009 remedied any shortcomings of the original returns and therefore the penalties should not be applicable. Respondent argues that all of petitioner's returns were "frivolous" and that his approach comports with an often-used tactic to avoid paying income tax, i.e., filing a "zero" return.

This Court has jurisdiction, and petitioner may contest frivolous return penalties in a section 6330 collection action before this Court. See Callahan v. Commissioner, 130 T.C. 44, 47-50 (2008). A civil penalty for filing a frivolous return may be assessed against a taxpayer if three requirements are met: (1) the taxpayer files a document that purports to be an income tax return, sec. 6702(a)(1); (2) the purported return lacks the information needed to gauge the substantial correctness of the self-assessment or contains information indicating the self-

assessment is substantially incorrect, id.; and (3) the taxpayer's conduct is based on a position the Secretary has identified as frivolous or demonstrates a desire to delay or impede the administration of Federal tax laws, sec. 6702(a)(2).

During 2007 the Commissioner issued Notice 2007-30, 2007-1 C.B. 883, setting forth 40 positions which are considered frivolous. Germane amongst the positions is the following:

> (1) e.   A taxpayer has an option under the law to file a document or set of documents in lieu of a return or elect to file a tax return reporting zero taxable income and zero tax liability even if the taxpayer received taxable income during the taxable period for which the return is filed, or similar arguments described as frivolous in Rev. Rul. 2004-34, 2004-1 C.B. 619.  [Id., 2007-1 C.B. at 884.[2]]

The holding set forth in Rev. Rul. 2004-34, 2004-1 C.B. 619, is as follows:

> A taxpayer cannot use a zero return to avoid or evade the taxpayer's federal income tax liability.  Taxpayers attempting to avoid or evade their federal tax liability by taking frivolous positions will be liable for the actual tax due plus statutory interest.  In addition, the Service will determine civil penalties against taxpayers where appropriate, and those taxpayers may also face criminal prosecution. The Service also will determine appropriate penalties against persons who prepare frivolous returns or promote frivolous positions, and those persons may also face criminal prosecution.  Promoters and others who assist taxpayers in engaging in these schemes also may be enjoined from doing so under section 7408.

---

[2]We note that the Commissioner's position, as stated above, was made public as early as 2004.

Courts generally look to the face of the documents to determine whether a taxpayer is liable for a frivolous return penalty as a matter of law. See Grunsted v. Commissioner, 136 T.C. 455, 459 (2011); Yuen v. United States, 290 F. Supp. 2d 1220, 1224 (D. Nev. 2003). The tactic used by petitioner in submitting returns for 2007, 2008, and 2009 fully comports with the circumstances described in the above-quoted ruling and other similar cases. The question posed in cases in which this issue was considered is whether the return filed evidences an honest and reasonable attempt to satisfy the tax laws and/or contains sufficient data to calculate the tax liability. Petitioner filed return documents seeking refunds of tax and showing zero on every line except for the lines for unemployment compensation, withholding credits, payments, and refunds. Although petitioner attached Forms W-2, he modified them and attempted to qualify them by claiming that those who issued the Forms W-2 reporting that he earned wages were not "employers" and that he was not an "employee", citing two sections of the Internal Revenue Code in support of his qualifications.

During the trial petitioner was asked about the explanatory paragraphs he had attached to each Form W-2 alleging that he was correcting the Form W-2 because he was not an "employee", as defined by sections 3121 and 3401. In particular, he was asked why he believed "that the income [he] received was not

wages?" He responded: "It's all in the Internal Revenue Code section based upon their definitions." When asked where he obtained that information, petitioner did not know and could not remember. He was also asked whether someone had advised him to file his return in the manner that he did, and he responded, "No". Under those circumstances, we cannot find that the returns petitioner filed are an "honest and reasonable attempt to satisfy the tax laws".

The Commissioner's position has been extant since at least 2004, and caselaw with substantially similar facts held against taxpayers for many years before petitioner filed his 2007, 2008, and 2009 return documents. See, e.g., Grunsted v. Commissioner, 136 T.C. 455; Bonaccorso v. Commissioner, T.C. Memo. 2005-278. Under these circumstances, petitioner's argument falls flat and has "been long recognized as stale, groundless, and frivolous." Bonaccorso v. Commissioner, T.C. Memo. 2005-278, slip op. at 3. It is clear from the record before the Court that petitioner used this ploy simply as a means to obtain a refund of tax withheld and that the documents submitted to respondent are "frivolous" within the meaning of section 6702.

Petitioner also raises the question of whether the Commissioner is empowered to assess section 6702 civil penalties on more than one return for a taxable period. Respondent, in essence, contends that section 6702 does not limit

the $5,000 penalty to a single document per taxable period. We agree with respondent. In Grunsted v. Commissioner, 136 T.C. at 455, this Court found that the Commissioner properly assessed five section 6702 frivolous return penalties for three taxable years.

Petitioner also raises the underlying tax liabilities for 2010 and 2011 in that he contends that the late filing addition to tax under section 6651(a) should not apply because his returns were timely filed. With respect to that argument, petitioner was provided an opportunity to question the 2010 and 2011 liabilities and additions because of his receipt of a notice of deficiency. Petitioner, however, did not contest respondent's determination by petitioning this Court to place his contentions in controversy.

Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of his underlying liability in a collection proceeding only if he did not receive a notice of deficiency or otherwise have an opportunity to contest that liability. Petitioner did receive a notice of deficiency and is thereby precluded under section 6330(c)(2)(B), from challenging the underlying tax liabilities in a subsequent hearing or in this Court's proceeding. See Mason v. Commissioner, 132 T.C. 301, 317-318 (2009); see also secs. 301.6320-1(e)(3), Q&A-E2, 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

Finally, we consider petitioner's contentions that respondent did not comply with procedures during the administrative collection process. Petitioner did not present any evidence showing a lack of compliance. Where the underlying liability is not at issue, the Court reviews the notice of determination to decide whether there was an abuse of discretion. Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005); Callahan v. Commissioner, 130 T.C. at 50-51; Goza v. Commissioner 114 T.C. at 181-182.

The determination of the settlement officer must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the record reflects that the settlement officer properly based her determination on the factors required by section 6330(c)(3).

We accordingly hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion and, accordingly, the collection action is sustained.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.