**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017[*]
Decided February 21, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1830

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-CV-912-NJR-DGW |
| FRANKIE L. SANDERS, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

Frankie Sanders appeals from an order authorizing the United States to sell land he occupies and farms to satisfy liens for unpaid income tax, penalties, and interest. We affirm the judgment.

Sanders calls himself a "'non-taxable' American National" and asserts that he can "discontinue volunteering to file" federal tax returns. He has not filed a federal tax return since at least 1991 and has not paid any income tax from that period. In 1998 the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

IRS commenced an audit for tax years 1991 to 1997. Because Sanders refused to cooperate, the IRS relied on third-party information and statistical data to estimate Sanders's business revenues, business expenses, and taxable income. In 2001 the IRS served Sanders with a Notice of Deficiency. When he did not contest it, the IRS assessed tax, penalties, and interest consistent with the notice and demanded payment.

Rather than pay, Sanders has spent more than a decade trying to thwart collection. He had purchased a farm in Montgomery County, Illinois, in 1977, and in 1999 he conveyed that property to the "Y&K Leasing Trust." Sanders and his two adult sons serve as trustees for the trust beneficiaries, who are not identified in the trust instrument. Sanders was raised, and still lives, on a second farm in Fayette County, Illinois, that his parents purchased when he was a child. His mother, who is now deceased, was sole owner of that farm in 2002 when she and Sanders created the "Triple S Family Trust" and named themselves trustees with the help of a fellow tax protester (who was also Sanders's lawyer in this litigation until suspended from practice). His mother then transferred her farm to the trust. Sanders is the only beneficiary.

The IRS calculated that, as of January 31, 2015, Sanders owed nearly $442,000 in tax, penalties, and interest for 1991 to 1997. The government recorded tax liens against the two farms and then filed this action to reduce to judgment the assessments against Sanders and foreclose on the liens against the farms. *See* 26 U.S.C. § 7403. The district court granted summary judgment for the government as against Sanders and authorized him to take an immediate appeal (the putative trusts and the State of Illinois, which has its own tax liens against the farms, are additional defendants). *See* FED. R. CIV. P. 54(b). The court concluded from the undisputed evidence that the Y&K Leasing Trust is nothing more than a nominee for Sanders and so the farm held in that name is subject to the government's tax liens. The court further concluded that the Triple S Family Trust had terminated when Sanders's mother died, leaving him with both legal and equitable title as sole trustee and sole beneficiary. *See* RESTATEMENT (THIRD) OF TRUSTS § 69 & cmt. b (AM. LAW. INST. 2003). Accordingly, the court reasoned, Sanders owns the family farm in Fayette County free of trust and the tax lien attached.

Sanders's main contention on appeal is that the IRS assessment is invalid because it is not signed by an "internal revenue district director"—a job eliminated by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105–206, 112 Stat. 685. This argument is frivolous. The Act's Savings Provision clarifies that, after the position of district director was eliminated, the responsibilities of that defunct position were assigned to other IRS employees. *Id.* § 1001(b)(1), 112 Stat. at 689;

*see Grunsted v. Comm'r*, 136 T.C. 455, 461 (2011) (rejecting tax protestor's argument that assessments cannot validly be made after 1998 because district directors are unavailable to sign them).

Sanders next contends that the Triple S Trust did not terminate when his mother died because the trust instrument provides that it will continue for at least 20 years unless terminated by the trustees. But Sanders cannot argue on behalf of the Triple S Trust because, as a general rule, a nonlawyer cannot represent a trust pro se. *See United States v. Hagerman*, 545 F.3d 579, 582 (7th Cir. 2008) (observing that pro se litigation is not available "when the litigant has chosen to do business in entity form"); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001) (concluding that noncustodial parent cannot represent child's interests pro se). Even if Sanders were to argue that he is exempt from the general rule as the trust's sole beneficiary, *cf. Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (observing that administrator of estate may represent estate without counsel only if he is estate's sole beneficiary), his status as sole beneficiary would lead to the conclusion that the Triple S Trust—just like the Y&K Leasing Trust—is Sanders's nominee. *See Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir. 2007) (observing that third party is simply taxpayer's nominee if taxpayer transferred property to third party "while retaining some or all of the benefits of true ownership"). Whether or not the district court is correct that the Triple S Trust terminated, Sanders has an interest in the farm, and the federal tax lien attached.

We have reviewed Sanders's remaining arguments, and none has merit. Sanders's appeal is frivolous, and we give him 14 days to show cause why we should not impose a sanction of $4,000, the presumptive sanction for frivolous appeals by tax protesters. *See Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006).

AFFIRMED.