# United States Tax Court

T.C. Memo. 2024-19

CHRISTOPHER CRUMEDY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 14725-21L.                    Filed February 7, 2024.

_____

Christopher Crumedy, pro se.

*Ryan A. Ault*, *Ashley M. Bender*, *Corey R. Clapper*, and *Olivia H. Rembach*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1)[1] of the supplemental determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) to uphold a proposed levy. The proposed levy seeks to collect civil penalties under section 6702(a) that were assessed against petitioner for having filed frivolous federal income tax returns for the 2017 taxable year. The issues before the Court are whether (1) petitioner's underlying liability for those penalties is properly at issue in this proceeding and (2) Appeals erred in sustaining the proposed collection action.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times. Some monetary amounts are rounded to the nearest dollar.

[*2]                    FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. Petitioner resided in North Carolina when he timely filed his Petition with the Court.

I.    *Petitioner's Underlying Liability for 2017*

During 2017 petitioner was employed at the Veteran's Administration (VA) and Pitt County Memorial Hospital (Memorial Hospital). For 2017, as reported on Forms W–2, Wage and Tax Statement, petitioner received income from the VA and Memorial Hospital of $38,849 and $11,361, respectively. Petitioner also had his own business in 2017.

On July 23, 2018, the IRS received two Forms 1040, U.S. Individual Income Tax Return, for 2017 from petitioner.[2] On the first return petitioner reported no income from "[w]ages, salaries, tips, etc."; instead, he reported "[o]ther income" from "State Farm" of $245 (which he also reported as his total income and his adjusted gross income, but he reported no amount as taxable income). He reported payments (for federal income tax withheld) of $244. Petitioner signed this return, dating it July 18, 2018. He attached to this return two Forms 1040–V, Payment Voucher—one for $139 and another for $105, and a payment coupon from State Farm with an amount due of $105 from petitioner. Transposed over the payment coupon were the following words: "MONEY ORDER," "PAY TO THE ORDER: UNITED STATES TREASURY," "CHARGE THE SUM: $105.18," "TO: STATE FARM," and "MIRROR ACCOUNT: CHRISTOPHER CRUMEDY."

On the second return petitioner reported no income from "[w]ages, salaries, tips, etc."; instead, he reported "[o]ther income" from "NC Dept. of Revenue" of $139 (which he also reported as his total income and his adjusted gross income, but he reported no amount as taxable income). He reported payments (for federal income tax withheld) of $139. Petitioner signed this return, dating it July 18, 2018. He attached to this return the same two Forms 1040–V and State Farm payment coupon that he attached to the first return. Additionally, he attached to the second return a July 11, 2018, garnishment letter addressed to Memorial Hospital from the State of North Carolina

---

[2] It appears that the IRS treated these returns as duplicate returns because the IRS's records show a 2017 "[t]ax return filed" for petitioner on June 18, 2018.

[*3] Department of Revenue; the letter indicates a payment due of $139. Transposed over the garnishment letter were the following words: "MONEY ORDER," "PAY TO THE ORDER: UNITED STATES TREASURY," "CHARGE THE SUM: $138.92," "TO: NORTH CAROLINA DEPARTMENT OF REVENUE," and "MIRROR ACCOUNT: CHRISTOPHER CRUMEDY."

Sometime between July 23, 2018, and April 30, 2019, the IRS identified the returns as potentially frivolous tax returns. On May 10, 2019, the IRS sent petitioner a letter informing him that his July 23, 2018, "claim[s] for credit" for 2017 could not be allowed because they were based on a frivolous position not supported by law. The letter further advised petitioner that federal courts have consistently ruled against those arguments and may impose substantial fines for taking a frivolous position, but that he nevertheless could file suit to recover the credit amount with the U.S. District Court that has jurisdiction or with the U.S. Court of Federal Claims.

Ultimately, an IRS employee (Ms. Koegal) determined that the returns were frivolous and therefore petitioner should be liable for section 6702(a) penalties. On May 27 and June 3, 2019, the IRS assessed two penalties (one for each return) of $5,000 pursuant to section 6702(a), and assessment notices were sent to petitioner on the same dates. The record includes a completed Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, for the two section 6702(a) penalties. The form was prepared by Ms. Koegal on April 30, 2019, and includes the signature of Adam R. Fisher, Ms. Koegal's immediate supervisor, dated May 1, 2019, approving the penalties.

II.    *IRS's Collection Action*

On February 25, 2020, the IRS sent petitioner Notice LT11, Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to the assessed section 6702(a) penalties. The levy notice advised petitioner that the IRS intended to levy to collect the outstanding balance for the section 6702(a) penalties, which through the date of the levy notice totaled $8,094, consisting of an "[a]mount . . . owed" of $7,760 and "[a]dditional interest charges" of $333, and that he had the right to a hearing to appeal the proposed collection action. The levy notice also advised petitioner that the IRS might file a notice of federal tax lien at any time to protect its interest.

4

**[\*4]** In response to the levy notice petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). As the reason for his disagreement with the levy notice petitioner referenced a March 5, 2020, letter he wrote to the IRS and "Exhibits A-F," all of which he attached to his CDP hearing request. In his March 5, 2020, letter, petitioner suggested, citing "IRC section 6702[(b)](3),"[3] that he could withdraw the 2017 returns that the IRS had received on July 23, 2018. He also stated in his letter that three different IRS representatives had informed him that he was to receive a refund of $372 for 2017 and thus he was requesting that refund. The "Exhibits A-F" were copies of (1) various IRS correspondence sent to petitioner from June 18, 2018, to July 26, 2019 (including the two assessment notices on which petitioner had added a typed statement requesting withdrawal of each return the IRS had received on July 23, 2018), and (2) certified mailing receipts for correspondence he had sent to the IRS on June 18, 2019. In his CDP hearing request petitioner did not request any collection alternatives, but he did check the box for lien withdrawal (despite no such lien having been filed).

An IRS representative acknowledged receipt of petitioner's CDP hearing request by letter to petitioner dated October 26, 2020, and ultimately the request was forwarded to Appeals and assigned to an Appeals officer (AO Town).

On January 13, 2021, AO Town sent petitioner a letter in which he scheduled a telephone CDP hearing for February 19, 2021. He also indicated that the scheduled hearing was petitioner's opportunity to discuss with him the reasons petitioner disagreed with the proposed collection action or to discuss collection alternatives. In the letter AO Town outlined the issues he had to consider during the hearing. Finally, AO Town informed petitioner that if he preferred to reschedule the hearing or have another type of conference (i.e., correspondence or in-person), he should let him know by January 27, 2021.

On February 19, 2021, petitioner did not call AO Town for the scheduled hearing as directed. On the same day AO Town sent petitioner a followup letter requesting that petitioner contact him by March 5, 2021. He also advised petitioner that after March 5, 2021, he would make a determination by reviewing the IRS Office of Collections

---

[3] In his CDP hearing request, as well as before this Court, petitioner erroneously refers to section 6702(b)(3) as section 6702(3).

[*5] administrative file and whatever information petitioner had provided. Petitioner did not contact AO Town.

Appeals issued a notice of determination dated March 24, 2021, to petitioner, sustaining the proposed levy and detailing the basis for the determination in an attached summary.

III.    *Tax Court Proceedings*

Petitioner timely filed a Petition with this Court for review of the notice of determination. On October 13, 2022, respondent filed a Motion to Remand, requesting that the Court remand petitioner's case to Appeals for further consideration because it was not clear whether (given some perceived discrepancies in petitioner's mailing address) petitioner had been afforded an opportunity for a CDP hearing to address his disagreement with the proposed collection action. On October 31, 2022, the Court granted the Motion, remanding the case to Appeals so that a settlement officer could conduct a CDP hearing, address petitioner's arguments, and consider collection alternatives.

On December 12, 2022, AO Town sent petitioner a letter scheduling a telephone CDP hearing for January 4, 2023. As in his January 13, 2021, letter, AO Town outlined the purpose of the hearing and what he was required to consider during the hearing, and he offered petitioner the opportunity to reschedule the hearing or to have the hearing in a different format.

On January 4, 2023, petitioner did not call AO Town for the scheduled hearing as directed. On the same day AO Town sent petitioner a letter that was identical in all respects to the December 12, 2022, letter, except that it (1) scheduled a telephone CDP hearing for January 25, 2023, and (2) was addressed to petitioner in care of an address in North Carolina different from the address (also in North Carolina) on the December 12, 2022, letter.

On January 25, 2023, petitioner did not call AO Town for the rescheduled hearing as directed. On the same day AO Town sent petitioner a followup letter requesting that petitioner contact him by February 8, 2023. Similar to AO Town's February 19, 2021, letter, this followup letter also advised petitioner that after February 8, 2023, AO Town would make a determination by reviewing the IRS Office of Collections administrative file and whatever information petitioner had provided. This letter was sent to petitioner in care of the same address to which the January 4, 2023, letter was sent. On January 27 and

[*6] February 10, 2023, petitioner faxed to AO Town copies of (1) AO Town's January 4, 2023, letter and (2) various IRS correspondence sent to petitioner from October 22, 2018, to November 4, 2020. Petitioner provided no explanation for faxing these documents to AO Town.

Appeals issued a supplemental notice of determination dated March 28, 2023, to petitioner; the supplemental notice of determination affirmed the initial determination to sustain the proposed levy. A summary detailing the matters considered by Appeals and its conclusions was attached to the supplemental notice of determination and included the following explanations:

> **Legal and Procedural Requirements**
> I, [AO] Town, verified [that] the requirements of any applicable law or administrative procedure were met. IRS records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or Notice of Federal Tax Lien (NFTL) filing, and notice of a right to a Collection Due Process (CDP) hearing. An assessment was properly made for each tax and period listed on the CDP notice.
>
> Notice and demand for payment was mailed to your last known address.
>
> There was a balance due when the Notice of Intent to Levy was issued or when the NFTL filing was requested. I had no prior involvement with respect to the specific tax periods either in Appeals or Compliance.
>
> I reviewed the Collection file, IRS records and information you provided. My review confirmed that the IRS followed all legal and procedural requirements, and the actions taken or proposed were appropriate under the circumstances.
>
> Collection statute verification:
> The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

**[\*7]** **Issues on the Unpaid Liability**
Collection Alternatives Requested
You offered no alternatives to collection.

Challenges to the Liability
You did not dispute your liability.

You raised no other issues.

Remand
In an order dated 10/13/2022, the U.S. Tax Court returned your case to the Independent Office of Appeals for a supplemental collection due process (CDP) hearing. You requested reconsideration of the determination to uphold issuance of the Notice of Intent to Levy. You did not respond to multiple attempts at contact other than to provide documents unrelated to the issues in your initial appeal. Nor did you submit anything to explain the context of your submissions. As a result, your request cannot be further considered.

**Balancing Efficient Tax Collection with Concern Regarding Intrusiveness**
It is Appeals determination to sustain the Notice of Intent to Levy. The requirements of all applicable laws and administrative procedures have been met. You received your required notices.

Your request for withdrawal of the Notice of Federal Tax Lien cannot be considered because no lien has been filed on the appealed periods. Your petition to the Court cannot be considered because you did not respond to multiple attempts at contact by the Settlement Officer other than to provide documents which were not requested or needed. You did not request any other collection alternative or respond to attempts at contact. You are not in current compliance with filing of returns. Given your lack of cooperation, the government took proper action in issuing a Notice of Intent to Levy. Lacking your cooperation, the Notice of Intent to Levy balances the need for efficient collection with your legitimate concern that any collection action be no more intrusive than necessary.

**[\*8]**                                        OPINION

I.      *General Legal Principles*

        A.      *CDP Review Procedure for a Proposed Levy*

Under section 6331(a), if any person liable to pay any tax (including additions to tax, interest, additional amounts, or assessable penalties) neglects or refuses to do so after notice and demand, the Commissioner is authorized to collect the unpaid amount by way of a levy upon all property and rights to property belonging to such person or upon which there is a lien. Pursuant to section 6330(a), the Commissioner must provide the person with written notice of an opportunity for an administrative hearing to review the proposed levy.

If an administrative hearing is requested in a levy case, the hearing is to be conducted by Appeals. § 6330(b)(1). At the hearing the Appeals officer conducting it must obtain verification that the requirements of applicable law and administrative procedure have been met. § 6330(c)(1). The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed collection action, including spousal defenses, challenges to the appropriateness of the proposed collection action, and collection alternatives. § 6330(c)(2)(A). Additionally, the taxpayer may challenge the existence or amount of his underlying tax liability if he did not receive a notice of deficiency with respect to the liability or did not otherwise have an earlier opportunity to dispute the liability. § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000); *Goza v. Commissioner*, 114 T.C. 176, 180–81 (2000). As relevant here, "underlying tax liability" includes a taxpayer's liability for section 6702 penalties. *Callahan v. Commissioner*, 130 T.C. 44, 49 (2008).

Following the hearing the Appeals officer must determine among other things whether the proposed collection action is appropriate. In reaching the determination the Appeals officer must take into consideration: (1) whether the requirements of applicable law and administrative procedure have been met; (2) all relevant issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that collection be no more intrusive than necessary. § 6330(c)(3); *see also Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001); *Ragsdale v. Commissioner*, T.C. Memo. 2019-33, at \*19; *Levin v.*

**[\*9]** *Commissioner*, T.C. Memo. 2018-172, at \*24–25, *aff'd*, 804 F. App'x 833 (9th Cir. 2020).

### B. *Standard of Review*

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by Appeals in a levy case. Furthermore, when (as is the case here) this Court remands a case to Appeals and on remand a supplemental determination is issued, the Court reviews the supplemental determination. *See Hoyle v. Commissioner*, 136 T.C. 463, 467–68 (2011), *supplementing* 131 T.C. 197 (2008). Where the taxpayer's underlying tax liability is properly at issue before this Court, the Court reviews the liability determination de novo. *Goza*, 114 T.C. at 181–82. Where the taxpayer's liability is not properly at issue before this Court, the Court reviews Appeals' determination for abuse of discretion; that is, whether the determination was arbitrary, capricious, or without sound basis in fact or law. *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 181–82.

A taxpayer's underlying tax liability is properly at issue before this Court (thus warranting de novo review of Appeals' liability determination) if the taxpayer has properly raised it during the CDP administrative proceedings. *See Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3. In a case such as the instant case where the underlying tax liability involves the collection of section 6702(a) penalties, during the CDP administrative proceedings the taxpayer must make a meaningful challenge to the penalty itself—e.g., by plausibly contending that his return "contain[s] [sufficient] information on which the substantial correctness of the self-assessment may be judged," § 6702(a)(1)(A), or that his position is not one "which the [IRS] has identified as frivolous," § 6702(a)(2)(A); *see also Pohl v. Commissioner*, T.C. Memo. 2013-291, at \*8. The Treasury regulations also explicitly state that an issue is not properly raised if the taxpayer "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3.

## II. *Analysis*

Having set forth the applicable legal principles, we first address what is the standard of our review in this case.

**[\*10]** As a threshold matter, we conclude that petitioner is not precluded from challenging his liability for the section 6702(a) penalties by section 6330(c)(2)(B). Petitioner did not receive a notice of deficiency before assessment of the penalties because the deficiency procedures do not apply with respect to the assessment or collection of section 6702(a) penalties, *see* § 6703(b), and the record before us shows that petitioner has not had an earlier opportunity to dispute his liability, *see Callahan*, 130 T.C. at 50.

However, we also conclude that petitioner did not properly raise an underlying liability challenge during the CDP administrative proceedings. The record before us unmistakably shows that petitioner made no meaningful challenge to the section 6702(a) penalties during the CDP administrative proceedings. He never engaged whatsoever with AO Town, except to fax AO Town (without providing any explanation) copies of IRS correspondence that had been sent to him. Indeed, petitioner cannot plausibly contend that the 2017 returns that the IRS received on July 23, 2018, contained sufficient information on which the substantial correctness of his self-assessment could be judged. Those returns were so-called zero returns; they reported no taxable income, seemingly attempted to correct the third-party reporting of his two employers, and "contain[ed] information [i.e., payment information] that on its face indicate[d] that the self-assessment [was] substantially incorrect." § 6702(a)(1)(B); *see also Grunsted v. Commissioner*, 136 T.C. 455, 460 (2011) ("This Court and others have repeatedly characterized returns reflecting zero income and zero tax as frivolous."). Additionally, petitioner cannot plausibly contend that his position as reflected on those 2017 returns had not been identified by the IRS as frivolous. The IRS formally notified petitioner by letter on May 10, 2019, that his "claim[s] for credit" as reflected on those 2017 returns could not be allowed because they were based on a frivolous position not supported by law. Because we conclude that petitioner did not meaningfully challenge his underlying liability for the section 6702(a) penalties, we will apply an abuse of discretion standard in our review of Appeals' determination in this case.

Turning to the propriety of Appeals' determination to uphold a proposed levy to collect petitioner's section 6702(a) penalties, as we previously noted, *see supra* p. 8, we review the record before us to determine whether AO Town (1) properly verified that the requirements of applicable law or administrative procedure had been met; (2) considered any relevant issues petitioner raised, including spousal defenses, challenges to the appropriateness of the proposed collection

**[\*11]** action, and collection alternatives; and (3) considered whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of petitioner that any collection action be no more intrusive than necessary.

During the CDP administrative proceedings, petitioner raised no colorable issues about the section 6702(a) penalties or the proposed levy, and he offered no collection alternatives. Additionally, as Appeals' determination correctly points out, although petitioner in his CDP hearing request checked the box for lien withdrawal, no lien had been filed with respect to petitioner's 2017 taxable year and thus that issue could not be considered.

It is clear from our review of the record before us that AO Town considered all of the requisite factors under section 6330(c)(3). Petitioner seems to question only whether the IRS made a lawful assessment of the section 6702(a) penalties because in his view he was entitled to withdraw the 2017 returns that the IRS received on July 23, 2018, and in fact had attempted to do so.[4] In support of his position, petitioner relies on section 6702(b)(3) and the two exhibits attached to his CDP hearing request, which were copies of the two assessment notices on which he had added a typed statement requesting withdrawal of each return the IRS had received on July 23, 2018.

Petitioner's position is unfounded, and we reject it. In *Kestin v. Commissioner*, 153 T.C. 14, 21–22 (2019), we made clear that (1) section 6702(b) imposes a penalty when a frivolous position is asserted in "specified frivolous submissions," which are defined in section 6702(b)(2)(B) as CDP hearing requests and applications under section 6159 (relating to written installment payment agreements), section 7122 (relating to compromises), and section 7811 (relating to taxpayer assistance orders); and (2) section 6702(b)(3) provides a circumstance, i.e., allowing a taxpayer to withdraw his "specified frivolous submission," which results in the section 6702(b) penalty not applying with respect to that submission. The penalties against petitioner were not assessed under section 6702(b) but rather under

_____

[4] At trial petitioner sought to probe respondent's sole witness, Mr. Fisher, the immediate supervisor of Ms. Koegal, who initially determined that the returns were frivolous and therefore petitioner should be liable for section 6702(a) penalties, on the depth and comprehensiveness of his approval of that initial determination for purposes of complying with section 6751(b)(1). The Court sustained respondent's objection to petitioner's attempted line of questioning. It is apparent from the record before us that the IRS has complied with section 6751(b)(1).

**[\*12]** section 6702(a) for having filed frivolous tax returns for 2017. Petitioner never made a "specified frivolous submission" as that term is defined in section 6702(b)(2)(B). Thus, the withdrawal mechanism of section 6702(b)(3) has no application here. Section 6330(c)(1) required AO Town "at the hearing [to] obtain verification from the [IRS] that the requirements of any applicable law or administrative procedure have been met." A determination of lawful assessment is a component of the section 6330(c)(1) requirement. *See Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87, 96–97 (2009). The administrative record in this case clearly shows that AO Town verified that valid assessments of the section 6702(a) penalties had been made.

In the light of the above, we conclude that there was no abuse of discretion, and we sustain Appeals' determination to uphold the proposed levy.[5]

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*

---

[5] Petitioner is of course free to continue to negotiate with the IRS concerning his outstanding liability for the section 6702(a) penalties, but he is entitled to only one CDP hearing and Tax Court proceeding with respect to the proposed levy. *See Perrin v. Commissioner*, T.C. Memo. 2012-22, slip op. at 8.